# Bradley *v.* Goodyear.

In the Court below,

JOEL GOODYEAR, *Plaintiff;* AMASA BRADLEY and EZRA BRADLEY, Administrators of *Joel Bradley*, deceased, *Defendants.*

Action of book debt will not lie, to recover money paid on a note, and not applied.

Plaintiff cannot, in any action, be a witness, to prove such payment.

ACTION of book debt.   Plea, the general issue. Verdict for the plaintiff.

A bill of exceptions was filed, by the defendants, stating, that the only matter in dispute between the parties was the following charge, in the plaintiff's book :

" 1799.
" Oct. 4.           *Joel Bradley*,   Dr.

" To cash, $100, sent by my negro,

" to be indorsed on my note,   *l.* 30  0  0"

And the plaintiff and others were admitted, by the Court, as witnesses, to prove, that the sum of $100 was sent as charged, that it was not applied, and that the note was afterwards taken up, without any indorsement, or mention made of the money.

The error assigned was, that the Court admitted the evidence.

*Ingersoll* and *Smith*, (of New-Haven) for the plaintiffs in error, urged, that the principle adopted by the Superior Court, would enable any man to swear away his own note of hand. On trial, he could not, indeed, swear to full payment ; but he might charge the plaintiff afterwards on book, and thus effect the same object. They said, also, that in this case, it was, by the plaintiff's own shewing, money paid by mistake, which could not be recovered in a general action, but which must be pointed out particularly.

*Daggett* and *Staples*, contrà, urged, that the whole course of decisions, since the case of *Prentice* v. *Phillips*, (a) allowed such actions to be sustained. This principle has been constantly recognized, in the Superior Court, from that time to the present ; and in this Court, in 1789, the point was made, and expressly decided, in the case of *Hurd* v. *Fleming, executor of M'Donald*, (b) where the plaintiff charged the executor on book, for money paid on a note, which the deceased held against him, and which had since been sued, and the whole sum recovered. The plaintiff swore, that he took a receipt for the money, and had lost it. A stronger case cannot be imagined.

They also contended, that, without regard to these precedents, money was constantly charged on book, and recovered ; and, that the danger of permitting such recovery, was as great, as in this case.

The judgment was reversed, unanimously.

(a) 1 *Root*, 103.　　　(b) 1 *Root*, 132.

P

THIS COURT are of opinion, that the Superior Court erred in admitting said testimony,

First, because the facts, proved by the witnesses, cannot support the action of book debt:

Secondly, because the plaintiff cannot, in any form of action, avail himself of his own testimony, to prove facts of this kind.

The action of book debt is peculiar to Connecticut. The allowing a party to support a claim, by his own testimony, is repugnant to general common law principles; and though the action was originally dictated by a supposed necessity, it ought not to be extended beyond the objects of its institution. It would be difficult, perhaps, to lay down any general principle, which would determine, in all cases, what articles may, and what may not, be charged on book. But, no charge can be admitted on book, unless the right to charge exists, at the time of delivering the article, and arises in consequence of such delivery. In this case, delivering the money, gave no right to charge it on book; and if the right existed at all, it arose from facts, which occurred subsequent to the delivery.

The plaintiff's right of action, in this case, is founded on a mistake, in taking up the note, and not on the delivery of the money, and ought to have been pursued by an action at common law, and supported by common law evidence. To admit a different principle, would be to admit the party, in all cases, to swear to a misapplication of money. It is, indeed, difficult to see, why a man may not testify to a *fraud*, which entitles him to recover back money, as well as to a *mistake*.

The Superior Court have adopted different principles, in several adjudications, dictated by an imposing equity in particular cases, but which, in their consequences, tend to bring written securities down to a level with mere charges on book, and serve to enable the obligor, by his own testimony, effectually, though indirectly, to destroy his written security. There has, also, been one adjudication of the Court of Errors of the same kind; but the consequences, which have followed, probably were not, then, foreseen. The principles, involved in that decision, are an evident departure from the original action of book debt.