REMINGTON *against* NOBLE :

IN ERROR.

A charge on book, which accrued antecedently to a settlement between the parties of their accounts, but was by mistake omitted in such settlement, cannot be recovered in an action of book-debt ; but the remedy is by a special action of *assumpsit*, pointing out the settlement and mistake.

*James Noble* brought his action of book debt against *Giles Remington*, before a justice of the peace. The defendant pleaded *Nil debet* ; and that issue was found and judgment rendered for the defendant. The plaintiff thereupon appealed to the county court of *Hartford* county, in which the cause was tried, on the same issue, *March* term, 1847. The plaintiff claimed, that the articles for which this suit was brought, were omitted, on a settlement, by mistake ; and he offered his books in evidence, and himself as a witness, to prove such mistake. The defendant denied that there was any mistake in the settlement referred to, and objected to the admission of the plaintiff's books in evidence and of himself as a witness, on the ground that if the articles in question were omitted by mistake, by the parties, in their settlement, the action of book debt would not lie to recover the price of them. The court admitted the evidence offered by the plaintiff, and decided, that the action was sustainable.

It was also claimed, by the defendant, that independently of any mistake in settlement, the goods for which a recovery was sought, were sold and delivered under such circumstances that the price of them could not be recovered in an action of book debt ; but it has become unnecessary to detail those circumstances here.

The county court found the issue and rendered judgment for the plaintiff ; and the defendant, having filed a bill of exceptions, brought a writ of error in the superior court, which was reserved for the advice of this court.

*Goodman*, for the plaintiff in error, contended. 1. That the action of book debt could not be sustained in this case.

In the first place, the goods for which this suit was brought,

*Hartford,*
*June, 1849.*

*Remington*
*v.*
*Noble.*

having been omitted by mistake in a settlement, cannot be charged on book. *Punderson* v. *Shaw, Kirby* 150. *Rogers* v. *Moor,* 2 *Root* 58. *Hodges* v. *Hosford,* 17 *Verm. R.* 615. Book debt will not lie after a settlement of the accounts. *Stocking* v. *Sage.* 1 *Conn. R.* 75.

Secondly, neither the books nor the testimony of the plaintiff were admissible, on the trial of the cause. On the trial of *Sage* v. *Hawley,* in the superior court, Judge *Williams* decided, that the books of the plaintiff were not admissible to prove the amount of the charge ; and no exception was taken to that decision. In this state, the books are the *principal* evidence in actions of book debt ; but the county court, in this case, not only admitted the books, but admitted also the party as a witness, to prove a mistake in a settlement. Parties are not unlimited witnesses in actions of book debt, even in cases where they are admissible to support or confute the account. They could not testify to a tender, release, or promise of the defendant to take the case out of the statute of limitations. *Peck* v. *Abbe,* 11 *Conn. R.* 207. *Weed* v. *Bishop,* 7 *Conn. R.* 128. The plaintiff's book is not evidence even of the delivery of the goods where they are furnished under a special contract. *Nickle* v. *Baldwin,* 4 *Watts & Serg.* 290. The books of a shop-keeper are evidence only to prove the account sued for, and not to prove any *collateral* fact. *Harris* v. *Caldwell,* 2 *McMullan,* 133. *Woodes* v. *Dennet,* 12 *N. Hamp.* 510. *Gage* v. *McIlwain,* 1 *Strobhart,* 135.

2. That the articles for which this suit was brought, never constituted a book debt ; having been sold and delivered under a special contract, that they should be applied in part payment of a note to the plaintiff, payable in goods. The right to charge these articles on book, did not exist, at the time they were sold, or until the settlement. *Terrell* v. *Beecher,* 9 *Conn. R.* 349. *Bradley* v. *Goodyear,* 1 *Day* 106. *Stevens* v. *Tuttle,* 3 *Verm. R.* 519. *Beeman's* admr. v. *Webster,* 15 *Verm. R* 141. *Stoddard* v. *Chapin, Id.* 443. *Sheldon* v. *Flynn,* 17 *Verm. R.* 238.

*R. D. Hubbard,* for the defendant in error, contended, 1. That the action of book debt would lie in this case. The first case touching the proper form of action to recover for

an item of indebtedness omitted by mistake in a former settlement, was *Hart* v. *Smith, Kirby*, 127. decided in 1786; wherein it was ruled, that *indebitatus assumpsit* would not lie, and that a special action was necessary.   After that decision, it was held, as an inevitable result, that book debt would not lie in a like case ; and that the remedy was by " another kind of action."   *Punderson* v. *Shaw, Kirby*, 150. *Dyer*, J. dissenting.   But *Hart* v. *Smith* has been since overruled ; and it is now held, that *indebitatus assumpsit* is the proper remedy in a case of this kind.   *Sage* v. *Hawley*, 16 *Conn. R.* 106.   A prominent reason for the decision in *Punderson* v. *Shaw*, was a jealousy of the testimony of parties.   But this reason has become obsolete, as may be seen by a comparison of *Phenix* v. *Prindle, Kirby*, 207, 209. with *Bryan* v. *Jackson*, 4 *Conn. R.* 291. and *Peck* v. *Abbe*, 11 *Conn. R.* 211.

On the principle recognized in *Peck* v. *Abbe*, as well as on general principles, this action should be sustained : because, in the first place, the omitted item was orginally a proper charge on book.

Secondly, the fact of a settlement had no other effect upon the omitted item than to raise a presumption of payment ; it still remained a proper charge on book.

Thirdly, this being so, the parties might testify fully and freely in support or confutation of the account.

Fourthly, as the *cause* of action is not changed by the settlement, the *form* should not be.   That the form of the action is not affected by the settlement, is evident from *Sage* v. *Hawley :* for there the same form of action which would have been proper before the settlement, was held to be proper afterwards.

Fifthly, the necessity, ( for the purpose of proving a sale and delivery,) which originated the action of book debt, exists in this case.   There is, indeed, an additional necessity, in this case and others like it, *viz.* for the purpose of proving the *mistake* and *omission.*

2. That the claim that the goods were sold and delivered to be applied on a note, constitutes no defence or objection to this action.

In the first place, they were never so applied, by either party ; but were charged on book in the usual form.

*Hartford*, June, 1849.

Remington *v.* Noble.

Secondly, there was no contract for such an application, but only an expectation, that on a settlement, they would be thus applied.

Thirdly, where from the nature of the contract, it is contemplated the goods should be charged on book, or that there should be a subsequent adjustment, an action of book debt may be maintained. *Brooks* v. *Jewell*, 14 *Verm. R.* 470. *Hickok* v. *Ridley*, 16 *Verm. R.* 42. *McNeal* v. *Strong*, 15 *Verm. R.* 640.

STORRS, J. It appears that, prior to the commencement of this suit, the parties made a settlement of their book accounts, in which the goods, for the price of which this action was brought, and which constituted a part of those accounts, were by mistake omitted to be reckoned; and hence the question arises, whether, assuming that there is no other objection to a recovery for the price of them, in an action of book debt, such settlement does not interpose an insuperable objection to a recovery in that form of action.

We consider this question explicitly and decisively settled, in *Punderson* v. *Shaw*, ( *Kirby*, 150.) in which it was held, that a charge on book, which accrued antecedent to, but had been by mistake omitted in, a settlement between the parties, could not afterwards be recovered in an action of book debt; but that the remedy by the party affected, was by another kind of action, by which was intended a special action of *assumpsit*, pointing out such settlement and mistake. That case appears to have been decided, by the superior court, in accordance with a similar decision of that court in *Waldron* v. *Eldridge*; was affirmed by the supreme court of errors; and has never, to our knowledge, been shaken or departed from. After having been thus sanctioned for more than sixty years, it would require the most cogent reasons to induce us to overrule it. No such reasons have been presented. Indeed, if we were at liberty to consider this question on principle only, we should find it most difficult to resist the reasoning on which that decision proceeded, growing out of the impropriety of considering the books of the parties as open and evidence of an indebtedness, after having been deliberately settled, and thus closed by the parties; and the impolicy of permitting the parties them-

*Hartford,*
June, 1849.
Remington
*v.*
Noble.

selves, contrary to the rules of evidence which prevail at the common law, to testify in contradiction to their acts and acknowledgments of so solemn and deliberate a character. Nor do we think that, in respect to this question, there is any difference in effect between a written and a verbal settlement, notwithstanding, in the case cited, the settlement appears to have been made and subscribed, and the court, in its opinion, alludes to its being under their hand.

That circumstance, however, does not seem to us to affect the principle of the decision ; nor to have particularly influenced the court in that case.

The defendant in error claims, that *Punderson* v. *Shaw* is in effect overruled, by this court, in *Hawley* v. *Sage,* 16 *Conn. R.* 106. In the latter case, we held, contrary to what had been decided in *Hart* v. *Smith, Kirby,* 127, that an action of *general indebitatus assumpsit* would be sustained after a settlement of accounts to recover for an item of indebtedness, omitted by mistake in such settlement ; and that the declaration need not be special, pointing out such mistake. We did not profess, nor was it our intention, in *Hawley* v. *Sage,* to supersede, in such cases, the action of *assumpsit,* which had always been required ; but only to do away with the necessity of a *special* count in that form of action, which had before been held necessary in *Hart* v. *Smith,* and to allow a less particular mode of declaring in what is termed the general *indebitatus* count. Our only intention was, while we sanctioned the necessity of the action of *assumpsit,* which had always been the form of the remedy in such cases, to render the pleadings therein more simple and concise than formerly. *Punderson* v. *Shaw,* so far from being overruled, is not even alluded to, by the court, in that case, for the obvious reason, that it was not intended to be affected.

This view of the case before us renders it unnecessary to decide, whether the goods for which the plaintiff claimed to recover in this suit, were sold or charged by him, under such circumstances that the price of them could be recovered in the action of book debt, if no settlement had taken place ; and we are less disposed to do so, on account of the loose and and indefinite manner in which the facts in relation to this point are stated in the bill of exceptions.

*Hartford,*
*June, 1849.*

We therefore advise a reversal of the judgment of the county court.

In this opinion the other Judges concurred.

Judgment to be reversed.