47  431
66  163

## OLIVER H. SMITH AND ANOTHER *vs.* ALFRED N. LAW.

In assumpsit for goods sold the account books of the plaintiff, containing a charge of the goods to the defendant, made in the regular course of business, are admissible in support of his claim.

And it does not affect the question of their admissibility that the entry was made by the plaintiff upon information of the sale given him by a salesman in his employ, who had sold and delivered the goods at a distant place.

Nor the fact that the delivery of the goods is admitted, and the only question is whether they had been purchased by the defendant or only taken to be sold on a commission.

The circumstances in which an entry was made, so long as it was made in the regular course of business, affect only its weight as evidence.

ASSUMPSIT for goods sold; brought to the Superior Court in Windham County, and tried to the court on the general issue before *Hovey, J.*

On the trial it was proved that, at the time of the transaction in question, the plaintiffs were wholesale dealers in flour and grain in Springfield, Massachusetts, and that the defendant was a retail dealer in flour and other merchandize in Putnam, Connecticut. The suit was brought to recover the price of twenty-five barrels of flour which the plaintiffs claimed to have sold and delivered by Horace Lane, their salesman, to the defendant at Putnam, on the 7th day of November, 1876. The flour was taken from the freight depot in Putnam, where it had been sent by the plaintiffs for other parties, who did not take it, and, as sworn to by Lane, was sold to the defendant and delivered at said depot. The defendant admitted that Lane delivered to him the flour on that day and that he took it into his possession and put it into the store in which he then carried on his business; and that he afterwards sold a portion of it and received payment for the same. But he denied that he purchased the flour, and claimed that he received it only for sale on account of the plaintiffs, and that the portion which he did not sell he held for the same purpose until the 10th day of December, 1876, when it was destroyed by fire.

The plaintiffs, in support of their claim introduced Lane as a witness, who testified to the making of the sale as claimed by the plaintiffs on the day mentioned, and to the communicating of the fact immediately to the plaintiffs. The plaintiffs also offered in evidence their original books of account kept at Springfield, containing the original entries of their daily transactions in their business, among which entries was a charge to the defendant of the twenty-five barrels of flour under the date of November 8th, 1876, accompanied by proof that the charge was made on that day upon information com municated to the plaintiffs by Lane the day before. The

Smith *v.* Law.

defendant objected to the admission of the books as evidence, but the court admitted them.

The court rendered judgment in favor of the plaintiffs, and the defendant moved for a new trial, for error of the court in admitting the plaintiffs' books in evidence.

*S. H. Seward*, in support of the motion.

The books in question were not competent evidence under the circumstances. They were not the best attainable evidence of the facts to be proved and therefore incompetent. 1 Phill. Ev., (C. & H. notes, Edwd's ed.,) 379, note 108; id., 570, note 164; 1 Greenl. Ev., § 82. Entries in a party's own books have been admitted in evidence—1st. When the entries were adverse to his interest. *Dwight* v. *Brown*, 9 Conn., 91. 2d. When made in the usual course of business by a person now dead or incapable of giving testimony, and more especially when made with the presumed assent of the person to be charged, "a kind of moral necessity," and such books have been received if at all *"ex necessitate."* *Beach* v. *Mills*, 5 Conn., 496; *Livingstone* v. *Tyler*, 14 id., 498; *Butler* v. *Cornwall Iron Co.*, 22 id., 360; *Bartholomew* v. *Farwell*, 41 id., 109. And only for articles the sale and delivery of which might be proved by the testimony of the party if competent. *Terrill* v. *Beecher*, 9 Conn., 349. Where a person is living and can be called as a witness, his declarations made at another time cannot be received as evidence. *Davis* v. *Wood*, 1 Wheat., 6; *Queen* v. *Hepburn*, 7 Cranch, 290; *Barough* v. *White*, 4 Barn. & Cress., 325; *Spargo* v. *Brown*, 9 id., 935. Where goods are delivered by another or others, the account kept by them or by one on their information cannot be received, for the party has other proof by those who delivered the goods. *Smith* v. *Lane*, 12 Serg. & R., 80; *Venning* v. *Hacker*, 2 Hill (S. C.,) 584; *Gage* v. *M'Ilwain*, 1 Strobh., 135. The delivery of the goods was conceded. The issue was, as the motion finds, whether they were holden by the defendant as purchaser, or only as bailee. The plaintiffs cannot show a special contract by an entry in their favor in their own books. *Green* v. *Pratt*, 11 Conn., 205; *McAlpin* v. *Lee*,

12 id., 133; *Baisch* v. *Hoff*, 1 Yeates, 198; *Kerr* v. *Love*, 1 Wash. (Va.,) 172; *Prince* v. *Smith*, 4 Mass., 455. At best this is a dangerous kind of evidence and not to be extended beyond the necessity which gave it birth. *Weed* v. *Bishop*, 7 Conn., 128; *Terrill* v. *Beecher*, 9 id., 348; *Winsor* v. *Dillaway*, 4 Met., 221. It may be said the evidence was immaterial and did not affect the result, but where incompetent evidence has been received the case should.be sent back for a new trial, as this court cannot undertake to say on what evidence the case was decided. *Jacques* v. *Bridgeport Horse R. R. Co.*, 41 Conn., 66; *Gage* v. *M'Ilwain*, 1 Strobh., 135. When the evidence itself is inadmissible it derives no aid from the fact that other and proper testimony would tend to prove the same thing. *Bartholomew* v. *Farwell*, 41 Conn., 111.

*G. W. Phillips*, contra, cited Swift's Ev., 81; 1 Greenl. Ev., § 116; *Leavensworth* v. *Phelps*, Kirby, 71; *Beach* v. *Mills*, 5 Conn., 493; *Palmer* v. *Green*, 6 id., 14; *Butler* v. *Cornwall Iron Co.*, 22 id., 360; *Bartholomew* v. *Farwell*, 41 id., 107.

GRANGER, J. The only question presented by the motion for a new trial in this case is, whether the books of the plaintiffs, containing the original charge of the goods as sold to the defendant, were admissible in evidence. The plaintiffs were wholesale merchants in Springfield, Massachusetts; the defendant a retail dealer in Putnam, Connecticut. The action was brought to recover the price of twenty-five barrels of flour which the plaintiffs claim that they sold and delivered to the defendant at Putnam on the 7th day of November, 1876. The flour was sold for the plaintiffs, by their salesman, Horace Lane, who delivered the same to the defendant from the depot in Putnam, where it had been sent by the plaintiffs for other parties who did not take it. The defendant admitted that Lane delivered to him the flour, and that he put it into his store and sold a part of it, but denied that he purchased the flour, and claimed that he held it to sell on the plaintiffs' account, and for no other purpose, and that on the 10th of December the flour unsold was destroyed by fire.

The plaintiffs introduced Lane as a witness, who testified to making the sale as the plaintiffs claimed, on the 7th of November, and that he communicated the fact immediately to the plaintiffs. The plaintiffs also offered in evidence their original books of account, kept at Springfield, containing their daily transactions in their business, among which entries was a charge to the defendant of the twenty-five barrels of flour, under the date of November 8th, 1876, accompanied by proof that the charge was made on that day upon information communicated to them by Lane the day before.

We discover nothing in this case to take it out of the well settled rule that the books of the parties containing daily accounts of their business transactions, and made in the regular course of business, are admissible in evidence in their favor in actions of assumpsit and book debt. In actions of book debt the entries of the parties are made admissible by express statute. Gen. Statutes, p. 471. And in actions of assumpsit for goods sold the same rule applies, book debt and assumpsit being concurrent remedies in all cases where book debt will lie.

The issue between these parties was whether the flour was sold to the defendant, and the entry on the plaintiffs' books of the charge of the flour was clearly admissible, and the circumstances under which it was made only affected the weight of the evidence. The charges on the books of a tradesman are often necessarily made by a book-keeper upon information given him by the salesman who actually sells and delivers the goods. Such charges are made in the regular course of business. It is difficult to see upon what principle the court could have excluded them. If the plaintiffs had not entered the charge upon their books, it certainly might have furnished a presumption against their claim, and the fact that it was so entered was in accordance with the usages of trade, and tended to sustain their claim that the flour was sold. It does not affect the case that the delivery of the flour was admitted and the only question was as to whether it was purchased by the defendant or only taken to sell on a commission. The entry was none the less a proof of a sale, so far as it went, and the plaintiffs were entitled to the benefit of it.

There is nothing in the case that shows that any injury has been done to the defendant, by the ruling of the court admitting the books. So far as the evidence is disclosed by the motion the case of the plaintiffs was abundantly proven without the aid of the books, and it is probable that they were introduced only as matter of precaution, and to prevent the defendant from making an argument against their claim founded on the non-production of the books.

A new trial is not advised.

In this opinion the other judges concurred.