## THE CITY BANK OF NEW HAVEN'S APPEAL FROM COMMISSIONERS.

54  269
55  212

New Haven County, June T., 1886.   PARK, C. J., CARPENTER, PARDEE
LOOMIS and GRANGER, Js.

Notes were made by one of two partners, indorsed by the other, discounted at a bank, and the proceeds placed to the credit of the firm. The firm having gone into insolvency the question arose upon a claim of the bank upon its estate, whether the firm was indebted on the notes or only the individual partners, the trustee in insolvency claiming that the maker owed the firm and delivered the notes to it on account of his indebtedness, and the bank that the notes were made in that form for a special reason but were intended as the notes of the firm.   The court charged the jury that if the maker was indebted to the firm and made the notes as a means of paying his debt the bank could not recover, that the question was one of fact, that the notes on their face showed an indebtedness of the individual partners and not of the firm and that the burden of proof was on the bank to show that they were intended as a joint obligation of the partners.   Held, on an appeal by the trustee, that the charge covered the whole ground, so far as the rights of the estate were concerned, and that the court did not err in refusing to charge that, upon the facts claimed by the trustee, the contract between the bank and the firm was, as a matter of law, a purchase of the notes and not a loan of money by the bank.

The judge charged the jury that if the proof preponderated in favor of the plaintiff their verdict should be in his favor, but if they found a preponderance the other way and in favor of the defendant, their verdict should be for the latter.   Held, taken by itself, to be erroneous in not instructing the jury how to find if there was an equipoise of proof ; but that it was clear from other parts of the charge that the jury could not have been misled upon the point and that therefore the defendant was not harmed by the error.

[Argued June 4th—decided July 8th, 1886.]

APPEAL from the doings of commissioners on an insolvent estate in disallowing a claim of the appellants ; taken to the Superior Court in New Haven County, and tried to the jury before *Phelps, J.*   Verdict for the appellants, and appeal to this court by the appellee.   The case is sufficiently stated in the opinion.

*T. E. Doolittle* and *W. L. Bennett*, for the appellant (original appellee).

*J. W. Alling*, for the appellees (original appellants).

LOOMIS, J. E. E. Hall and his son of the same name were co-partners in the grocery business at New Haven under the firm name of " E. E. Hall & Son " from the year 1878 to 1885, and during all that time kept their account with the appellant bank in the name of the firm. During this time the bank discounted or advanced the money upon four promissory notes of $2,500 each, and renewed them from time to time, charging the same to the account of the firm. In 1885 the firm became insolvent and all its assets and the property of the individual members of the firm were assigned for the benefit of creditors, and the bank presented its claim for the amount of the four notes to the commissioners on the assigned estate of the firm, claiming that the paper discounted was in fact partnership paper and that the avails of the notes went for the benefit of the firm. The commissioners rejected the claim and the bank appealed to the Superior Court, where the case was tried to the jury and a verdict rendered in favor of the appellant bank to recover the amount of the four notes.

The questions for review before this court relate to the instructions given by the trial court to the jury.

The counsel for the appellee made eight specific requests to the court to charge the jury. Seven of these were adopted without modification, but the eighth request was not complied with. It was as follows :—" If the jury should find that E. E. Hall, Senior, acting for himself, executed the notes in question and procured them to be endorsed by his son, and then delivered them to the firm of E. E. Hall & Son, for the purpose of enabling the firm to replace money which he owed it, and if the firm of E. E. Hall & Son then offered said notes for discount at the City Bank, and the said bank discounted them and placed the proceeds to the credit of E. E. Hall & Son, the law is so that the contract between the City Bank and the firm of E. E. Hall & Son was a contract of bargain and sale only, and was not a loan of money to the firm, and the right of

action of the bank is confined to such rights as they have as holders of the notes."

We do not think it was error to ignore this request. The seven requests that were complied with covered the entire case for the appellee and gave due effect to every fact in regard to which there was the slightest evidence. The substance of these requests was that the appellants could not recover unless they proved to the satisfaction of the jury that their debt was due from the partnership and not from the individuals composing the firm ; that the partnership is a distinct thing from the partners themselves, and if the jury should find that the father and son were indebted to the plaintiffs as individuals upon the same notes, one as maker and the other as indorser, it cannot be presumed from this fact alone that the partnership was indebted for the notes ; that upon their face the notes produced in court show an indebtedness of E. E. Hall, Senior, and E. E. Hall, Junior, as individuals, and do not show any indebtedness of the partnership ; that the burden of proof was upon the bank to prove that the notes were not what they appeared to be, the individual notes of the two Halls, but their joint obligation as partners ; that if the father was indebted to the firm and the money on the notes was obtained by him for the purpose of repaying his indebtedness, the verdict must be for the appellee ; that if the bank discounted the notes at the request of the father and upon his individual credit, and the money was obtained by him and placed to the credit of the firm to replace money drawn by him from the firm which he was under obligation to replace, the verdict must be for the appellee ; that if the partnership obtained the benefit of the money from the discount of the notes it is not to be concluded from this fact alone that the partnership is liable, though the fact may be evidence tending to prove that the money was borrowed by the firm ; but that if E. E. Hall, Senior, borrowed the money upon his individual credit to reduce his obligation to the firm, the verdict must be for the defendant notwithstanding the fact that the firm was benefited by the transaction.

In adopting all these requests the charge was as favorable to the defendant as was possible without injustice to the plaintiffs, and if the additional request had also been adopted it would have gone beyond the just requirements of the case, even as claimed by the defendant, and would have misled the jury.

All the other seven requests impliedly concede that the question, whether the contract with the bank was by and with the partnership or with the individuals composing it, was a question of fact for the jury upon the whole evidence. But the request under consideration confines the jury to an exceedingly restricted view of the facts even as claimed by the defendant, and upon that partial·view the court, as matter of law, is asked to declare what the contract was and what it was not—that it was a contract of bargain and sale and was not a loan to the firm. If, however, we take the case as stated, the legal conclusion asserted would by no means follow.

If we analyze the proposition we shall see that it consists of two distinct parts. The first speaks only of the acts of E. E. Hall, Senior, in executing the note, the indorsement of it by the son, the purpose of it, and the delivery to the firm; and all this without any notice to or knowledge on the part of the bank. So far it lacks every element of a contract. There is neither a meeting of the minds of the parties nor any communication whatever between them. In the other part of the proposition the parties, the firm and the bank, are brought together. There is however no reference to what has been done, or its purpose, and no explanation or even conversation is given. We find the firm however as such, in its own name, now offering the notes for discount, and the bank discounting them for the firm and placing the proceeds to their credit. It seems to us manifest that even the facts, just as assumed in the request, are more consistent with a contract of loan by the bank to the firm than they are with a contract of bargain and sale of the notes. If now we add to the statement facts claimed or admitted to have been proved by the

bank as to the course of dealing, particularly the fact that when each note became due the check of the firm was presented to pay it and each renewal was negotiated by and in behalf of the firm without notice to the bank that it was an individual matter, very little doubt can be entertained as to the correctness of the verdict, and none at all if the facts embraced in other requests of the appellee were not established by the evidence and the claims of the appellants were so established.

The remaining question relates to that part of the charge where the jury were told:—" If you find that the proof preponderates in favor of the bank that the paper was partnership paper, discounted as such, and credit given to the firm at the time, then your verdict should be for the appellants ; but if you find a preponderance the other way and in support of the claims which are made by the appellee, then your verdict should be for him." The first part of the charge was strictly correct and the verdict for the plaintiffs must be presumed to have been based on such preponderance, and if so there is no occasion for a new trial. But the latter part is not strictly correct. If there was a preponderance for the defendant he must of course have a verdict, but the instructions are faulty in not telling the jury what they must do if there should be an exact equipoise in the evidence. The verdict in such case should have been for the defendant, but taking the charge just as it is given there could in such case have been no verdict at all. If the case stood here it would be extremely improbable that the defendant was aggrieved. Civil causes are ordinarily determined by preponderance of evidence. An exact equipoise in the minds of the triers must be extremely rare, and there is nothing in this case to suggest the possibility of such a thing. But whatever might be our conclusion if the passage from the charge above cited stood alone as the only light to guide the jury, yet taking the whole charge together, it is extremely improbable that the jury were misled, for at the outset the judge says :—" Upon the theory upon which the bank stands here, the burden is upon is to

satisfy you by a fair *preponderance of proof* that this paper was partnership paper, and that it was discounted by it, as they claim it was, and upon the credit of the firm," &c. The judge then emphasizes it by repeating:—" I say the burden is upon the appellants,—the bank in this case,—to satisfy you on this point by a *fair preponderance of proof* before they are entitled to an allowance of their claim." Then attention is again called to the rule as fully accepted by the bank:—" The bank claims, gentlemen, that they have established all these facts by a *fair preponderance of testimony.*" And finally, after the judge had concluded the charge as given in his own language, he read and adopted as correct the seven requests of the appellee to which we have already referred, the fourth of which asserts that the burden of proof is upon the plaintiffs, &c.

Under these circumstances we think the appellee was not aggrieved and is not entitled to a new trial on account of the slight inaccuracy of the charge in the passage complained of. In this conclusion we are sustained by the decision of this court in *State* v. *Morris*, 47 Conn., 179.

There is no error in the judgment.

In this opinion the other judges concurred.