Edward B. Reiley, Jr., *vs.* Baron J. Torkomian.

Third Judicial District, New Haven, January Term, 1906.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Under our present practice the complaint in an action of book-debt must contain a statement of the facts constituting the cause of action.

The *complaint* alleged that on a day named the defendant owed the plaintiff a certain sum by book to balance book-accounts, and that said debt remained wholly unpaid. Upon the trial it appeared that the plaintiff had rendered services to the defendant as an attorney-at-law, but that he never had any account with him and never kept any regular books of account. *Held* that under these circumstances the plaintiff was not entitled to recover.

The plaintiff presented a book containing items which he had copied into it, after the commencement of the action, from loose pieces of paper upon which he had estimated the amount of the defendant's indebtedness. *Held* that these were not book "entries" within the meaning of § 981 of the General Statutes.

Submitted on briefs January 19th—decided March 8th, 1906.

Action of book-debt, brought to and tried by the District Court of Waterbury, *Peck, Acting-Judge;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and cause remanded.*

*Frederick M. Peasley* and *James A. Peasley,* for the appellant (defendant).

*Ulysses G. Church,* for the appellee (plaintiff).

HALL, J. The complaint, dated February 28th, 1905, contained only these allegations : " 1. On February 27th, 1905, the defendant owed the plaintiff $225 by book, to balance book-accounts. 2. Said debt remains wholly unpaid. The plaintiff claims $250 damages."

Such complaint follows *Form 54*, Practice Book, p. 46, which, as well as § 720 of the General Statutes, recognizes the continued existence of the action of book-debt.

Upon the trial the plaintiff proved that he had rendered services, as an attorney-at-law, for the defendant, which were reasonably worth $178. He also offered in evidence a book, which was received in evidence without objection and which contained these items :—

" Services, retainer, consultation &
| | |
|---|---|
| letters, December 3, 1902, to March 1, 1905, | $150.00 |
| Raffel case | 50.00 |
| B. J. T. Corp. | 25.00 |
| Entry, Raffel | 3.00 |

$228.00 "

Upon cross-examination of the plaintiff it appeared that he kept no regular books of account; that before bringing this suit he estimated the amount which he claimed to be due to him and put down the amounts on a loose piece of paper, and after bringing the suit copied them off on a book in the form above stated.

After the plaintiff had closed his case the defendant moved for a nonsuit, upon the ground that the action of book-debt could not be maintained upon these facts ; and also, on the final argument, claimed that the plaintiff could not recover, because no book-account had been proved. The trial court denied the motion for a nonsuit, overruled the defendant's claim, and rendered judgment for the plaintiff for $178 and costs.

The items upon the book received in evidence are not even in the form of charges against the defendant or any one else. They are mere copies, made since the commencement of the action, of items written by the plaintiff upon a loose piece

of paper in estimating, before commencing the suit, the amount of the defendant's indebtedness. After their real character was shown upon cross-examination by the defendant, they became of no greater value as evidence than a similar statement written by the plaintiff during the trial, and handed to the judge as a memorandum of the plaintiff's claim, would have been. While the facts proved show that the plaintiff has a right of action against the defendant for services rendered as an attorney, they not only fail to show the existence of the alleged account, but prove that the plaintiff never had any account with the defendant and never kept any books of account. The question, then, is whether, under our present practice, a plaintiff may, under an allegation of indebtedness by book, to balance book-account, recover for services rendered which are shown never to have been the subject of book-account.

The action of book-debt is said to have been coeval with our State government. *Terrill* v. *Beecher*, 9 Conn. 344, 348. The first statute regarding it, a statute of limitations, appears in the Revision of 1672, p. 19. The first statutory provision authorizing the admission, contrary to the rules of the common law, of the testimony of the parties to the action, and of other interested witnesses, was passed in May, 1715. 5 Col. Rec. (1706–1716) p. 505. As interested persons were not permitted to testify as witnesses, and it was impracticable to have disinterested witnesses to every business transaction, and every one was supposed to keep a book in which he made "entries, or charges, of the sales of his property, for the use of it, and for the work and service he had performed," this peculiar action by which a party was permitted "to support his book by his own oath" was, from the necessity of the case and to prevent a failure of justice, "introduced and tolerated." *Terrill* v. *Beecher*, 9 Conn. 344, 348; *Peck* v. *Abbe*, 11 id. 207, 210; 1 Swift's Dig., s. p. 582. "It ought not to be extended beyond the objects of its institution." *Bradley* v. *Goodyear*, 1 Day, 104, 106; *Terrill* v. *Beecher, supra.*

The interested persons who were thus permitted to tes-

tify in this form of action were not admitted as unlimited witnesses. The rule laid down by the courts was that when proper articles were charged on book, the parties, *quoad* the book-debt, were admissible like all other witnesses, to testify freely and fully in support or confutation of the account. *Bryan* v. *Jackson*, 4 Conn. 288, 292; *Weed* v. *Bishop*, 7 id. 128, 131; *Peck* v. *Abbe*, 11 id. 207, 210.

In *Leavensworth* v. *Phelps*, Kirby, 71, it was held that the plaintiff was not required to produce the original entry of the charge against the defendant; and that the original entry in the handwriting of the deceased having been lost, a charge made up by an attorney by direction of the deceased, corresponding with the original and declared by the deceased to be just, might be produced and supported by evidence. And in *Palmer* v. *Green*, 6 Conn. 14, 17, where the plaintiff had never made a charge on book against the defendant, it was held that he might rely on the book of the defendant, upon which the items of the plaintiff's account were credited, the court saying that a book of the plaintiff comprising charges regularly made was not indispensable to his recovery.

JUDGE SWIFT says in his Digest, Vol. 1, s. p. 729, that although we have not adopted the practice of requiring the parties to produce their original books and entries, but have suffered them to go to trial upon transcripts, or on accounts which were acknowledged not to be original, nor made at the time of the transaction, yet the book is to be considered as the essential part of the evidence, and the oath of the party as supplementary to it. Not even prior to the Act of 1848 (Public Acts of 1848, Chap. 44) providing that no person shall be disqualified as a witness by reason of interest, is there a case where an account such as that presented by the plaintiff has been held to be sufficient, with other evidence, to support an action of book-debt. Since the Act of 1848—and when in all cases in which there could be a recovery in an action of book-debt, an action of assumpsit, in which the books of account as well as the testimony of the parties were admissible, has been a concurrent remedy—there

has been less occasion for the admission in evidence of such an account.

The action of book-debt is not excepted from the provisions of §§ 1 and 9 of the Practice Act (General Statutes, §§ 607 and 614), which provide that the complaint shall contain a statement of the facts constituting the cause of action, and that all pleadings shall contain a plain and concise statement of the material facts upon which the pleader relies. The rule limiting the plaintiff's right of recovery by the facts alleged (*Powers* v. *Mulvey*, 51 Conn. 432; *Greenthal* v. *Lincoln, Seyms & Co.*, 67 id. 372, 378), forbids the plaintiff from recovering for services rendered, upon a complaint in which the only alleged indebtedness is by book to balance book-accounts.

Under the provisions of § 720, the parties to an action of book-debt are not entitled to have it tried to the jury. With a complaint containing only an allegation of book-debt, this case could not have been placed for trial upon the jury docket; while either party was entitled to a jury trial upon the question actually tried, of whether the defendant was indebted to the plaintiff for services rendered. Clearly, by making the only allegation of indebtedness in his complaint one of book-debt, a plaintiff ought not to be permitted to compel a defendant to try to the court an issue which the latter is entitled to try to the jury.

The entries in the book presented by the plaintiff were not "entries," within the meaning of § 981 of the General Statutes, which provides that "in all actions for a book debt, the entries of the parties in their respective books shall be admissible in evidence."

The trial court should have held upon the facts proved that the plaintiff was not entitled to recover under the allegations of the complaint.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.