## HARRY HAWKEN *vs.* JOHN P. DALEY ET UX.

Third Judicial District, Bridgeport, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A memorandum of details material to the issue, made in the day and time of their occurrence by one who had personal knowledge thereof and who testifies to the truthfulness and accuracy of the memorandum, is admissible, in connection with such testimony, as evidence of the details therein noted, although the witness himself has now no recollection of them; and in case of the loss or destruction of the original memorandum, a duly-proven copy thereof, when accompanied by the same testimony, is admissible in evidence for the same purpose.

Such a memorandum of details may or may not refresh the recollection of the witness. If it does, the witness must testify and the memorandum be excluded; if it does not, the memorandum itself is admissible under the conditions above stated.

In the present case a building contractor, who sued to recover the reasonable value of his services and material, offered in evidence a copy of the entries originally made by him in his time-book—which was not in existence at the time of the trial—showing the number of hours of labor spent by his men on the job in question, and testified to the truthfulness of the original entries and the accuracy of the copy. *Held* that the copy was properly received as evidence of the facts therein stated, although the witness had no present recollection of them.

There can be no equipoise in the evidence where there is a preponderance of proof; and therefore a failure to instruct the jury what to do in case of an exact equipoise in the evidence is not harmful to the defendant if the jury are told that in order to entitle the plaintiff to recover he must prove the essential elements of his case "by a fair preponderance of the evidence."

In charging a jury the trial court may well confine itself to legal principles which are applicable to the issues and facts in that particular case.

In an action to recover for labor and material furnished in the construction of a building, one of the defenses was that the plaintiff had agreed to do the work to the satisfaction of the defendant and had failed in that respect. *Held* that such a defense, if proven, would prevent a recovery by the plaintiff, and therefore the defendant was entitled to an instruction upon that subject; and that the charge as given practically removed that issue from the con-

Hawken *v.* Daley.

sideration of the jury, and for that reason entitled the defendant to a new trial.

Where one agrees to perform certain work to the "satisfaction" of another, proof of the latter's honest dissatisfaction with the work as done will preclude a recovery therefor.

Argued October 24th—decided December 19th, 1911.

ACTION to recover the reasonable value of services rendered and materials furnished, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;* verdict and judgment for the plaintiff for $334 against the defendant John P. Daley only, from which that defendant appealed. *Error and new trial ordered.*

*Walter J. Walsh,* with whom was *Charles F. Mitchell,* for the appellant (defendant).

*John Elliott,* for the appellee (plaintiff).

WHEELER, J.   The plaintiff sued upon an express agreement on his part to furnish material and render service in the construction of a building for the defendant, upon his agreement to pay therefor the reasonable value.

The defendant pleaded a general denial, and for a second defense alleged that the plaintiff agreed to do said work for $450 of which sum he had paid $300 and tendered the plaintiff the balance; and that the plaintiff agreed to construct said building in a skilful and workmanlike manner, and to the satisfaction of the defendant, and that he did not so construct the building.

One ruling on evidence is complained of: 1. The plaintiff in his own behalf testified he could not tell the amount of labor he furnished the defendant, without looking at the bill (Exhibit H) of these items which, upon inquiry, the witness said was an original record of the time of his men on the job.   Thereupon the court

admitted it, in connection with the testimony of the witness, over the objection that on its face it appeared that it was not an original record.  Upon cross-examination the witness testified he kept a time-book containing the time of his men on the different jobs he was doing, that at the end of this job he transcribed from the time-book the time on the job to the sheet, Exhibit H, and placed this with bills for material used on this job in an envelope duly marked, and that he kept no other book; and that the method adopted in this case was his regular method of business on each job.

The objection that the sheet was not an original record, proceeded upon the theory that its admissibility depended upon its containing original entries from a book.  The time-book, if in existence, or a copy of it, if not in existence, would have been admissible upon proof that it contained a daily account of the plaintiff's business, made in the regular course of his business. *Smith* v. *Law*, 47 Conn. 431, 435.  The time-book was not in existence, and a sheet of paper, though containing a correct transcript of a page of the time-book, is not a copy of the book.  It cannot be held to be similar to a sheet from a loose-leaf ledger, for that is a part of a book kept in sequence, and on its face bears the stamp of trustworthiness, while this sheet never was a part of a book, but is independent of relation to any other sheet.  *Reiley* v. *Torkomian*, 78 Conn. 645, 63 Atl. 516.  It would be difficult to support its admission upon the facts before the court at the time it was made; the facts subsequently appearing make the exhibit admissible.  The witness was asked to testify as to the details of a transaction which are proper subjects of book entries; he cannot do this without reference to the record of these items as made by him and copied from a time-book which he himself kept in the day and time.  He does not attempt to use the paper to refresh

his recollection. He knows the paper contains an accurate account of the time as kept by him, and in effect he so states; it was therefore admissible in connection with his statement of the accuracy of the account when made. A memorandum of details may refresh the recollection of the witness who made it or saw it made; if so, the recollection of the witness must be given and the memorandum excluded. *Palmer* v. *Hartford Dredging Co.*, 73 Conn. 182, 187, 47 Atl. 125. Or, as in this case, it may not refresh his recollection; but if he knows it to correctly state the detailed facts of which he has no present memory, it may, in connection with his testimony, be admitted as a memorandum of details essential to the full proof of the transaction; and in substance this was the basis upon which this was admitted. *Curtis* v. *Bradley*, 65 Conn. 99, 114, 31 Atl. 591.

The defendant's request, that the court charge the jury that if they found Exhibit H was not an original entry, they should disregard it as evidence, was properly refused.

2. The defendant complains of the court's failure to comply with his request to charge as to the duty of the jury in case there was an exact equipoise in the evidence. The court instructed the jury that "the burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence . . . the essential allegations of his complaint," and it instructed the jury fully as to what it regarded as these elements. There can be no equipoise in the evidence where there is a preponderance of proof and a preponderance in support of the elements essential to a cause of action. A reading of the entire charge makes it reasonably certain the jury must have understood what it was incumbent upon the plaintiff to prove, and that no harm resulted, although this request might properly have been given. *City*

*Bank's Appeal,* 54 Conn. 269, 273, 274, 7 Atl. 548; *Wolfe* v. *Ives,* 83 Conn. 174, 178, 76 Atl. 526.

The defendant claims the court erred in not charging that the plaintiff must establish by a preponderance of the evidence the value of the services and material; but these were plainly stated to be among the elements of proof necessary to the plaintiff's case, and the jury had been told that the plaintiff must establish by a fair preponderance of the evidence the essential elements of his case.

3. Another claimed error is the neglect of the court to charge as requested, *falsus in uno, falsus in omnibus.* This request was a mere statement of a principle of law, and neither in the request nor elsewhere do we find facts stated from which the application of the maxim might be made. *Allen* v. *Rundle,* 50 Conn. 9, 33.

The court's duty was to charge the jury as to the principles applicable to the facts of the case, not as to abstract principles of law not supported by the facts of the case. *Morris* v. *Platt,* 32 Conn. 75, 82; *Sisson* v. *Stonington,* 73 id. 348, 354, 47 Atl. 662.

4. The defendant's request, that the court charge the jury that if the plaintiff made an express contract and found he could not do the work thereunder at a profit he could not disregard the contract and recover on a *quantum meruit,* has no relation to the issues as framed or tried to the jury, and in addition was a self-evident proposition.

5. As we understand the charge, the court left the issues to the jury as follows: If they found proven the express contract claimed by the plaintiff, they should ascertain the reasonable value of the material and services furnished, deduct the payment made by the defendant, and render a verdict for the balance with interest. If they found the plaintiff expressly agreed to

construct the building for $450, and did it, they should deduct the payment made of $300 and render a verdict for the $150, with interest, if they found no tender to have been made, and without interest if they found legal tender to have been made. If they found no express contract, but found that the plaintiff furnished material and rendered service, they should ascertain their fair and reasonable market value, deduct the payment made, and render their verdict for such sum with interest.

The serious objection to the charge is the refusal of the court to comply with the defendant's request that "if the jury believe and find that the plaintiff agreed to do the work in connection with the erection of the building for the defendant to the satisfaction of the defendant and they further find that the defendant is not satisfied with the work, the plaintiff cannot recover and it makes no difference whether the defendant's failure to be satisfied is reasonable or unreasonable."

The defendant made the subject of this request a part of his second defense. The finding is that the defendant offered evidence to prove and claimed that he had proved "that the work was to be performed . . . to the satisfaction of the defendant." And the court in its charge recognized this defense as an issue before the jury, by including it among the "principal issues" to be determined by the jury.

Nowhere in the charge does the court explain to the jury the legal relation of this issue to the case. The verdict imports a finding adverse to the contract to build for a stated sum as claimed by the defendant, but it does not necessarily import a finding that the building was not to be constructed to the satisfaction of the defendant, nor that the construction was in fact to his satisfaction. Such a defense is a complete one. An

honest dissatisfaction, when proven, will prevent a recovery. In an action on a written contract we said: "It is competent for parties to a contract for sale to agree that the thing which is the subject of the contract shall be satisfactory to the vendee, and that the contract shall not be binding on the vendee unless, after examination of the thing or at the time fixed for delivery and payment, the vendee is satisfied with the thing." *Liberman* v. *Beckwith,* 79 Conn. 317, 319, 65 Atl. 153; *Hartford* v. *Hartford Electric Light Co.,* 65 Conn. 324, 334, 32 Atl. 925; *Zaleski* v. *Clark,* 44 Conn. 218, 223. The defendant was entitled to a charge upon this subject. Instead, the jury were told that in the event they found the contract proven as claimed by the defendant, they should find a verdict for at least $150 in favor of the plaintiff, and immediately after, adverting to the principal issues to be determined, including the issue of satisfaction, the jury were instructed "and in addition to that, however, the amount which the defendant owes," thus not only failing to explain the legal aspect of this defense, but practically removing it from their consideration.

Other criticisms of the charge do not require discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.