Per Curiam.

The promise to complete the draperies to the entire satisfaction of the defendant does not impute merely a reasonable satisfaction. The determination of the question as to whether the services of the plaintiff under the contract were satisfactory, belonged entirely to the defendant subject to no control from the courts (Ginsberg v. Friedman, 146 App. Div. 779, revg. 125 N. Y. S. 473; Diamond v. Mendelsohn, 156 App. Div. 636). The personal satisfaction of the purchaser in this case was a compelling factor in the placing of the order with plaintiff and plaintiff agreed to complete the draperies to the satisfaction of the defendant. Plaintiff’s agreement to perform involved taste, fancy and personal satisfaction and he was duty bound to comply with the terms of his contract (Crawford v. Mail & Express Pub. Co., 163 N. Y. 404).
The judgment should be unanimously reversed on the law and facts, judgment granted to the appellant on her counterclaim in the sum of $200, with interest, together with $30 costs
Pette, Hart and Di Gtovanna, JJ., concur.
Judgment reversed, etc.