ELEANOR KRUPP ET AL. *v.* WILLIAM SATALINE, JR., ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, JS.

Argued February 4—decided April 22, 1964

*William F. Gallagher,* with whom, on the brief, were *Morton E. Cole, Cyril Cole* and *Bernard Poliner,* for the appellants (plaintiffs).

*William P. Aspell,* with whom, on the brief, were *George Muir* and *Edward J. Foley,* for the appellees (defendants).

PER CURIAM. In this action to recover damages for personal injuries sustained in an automobile accident, the defendants, father and son, admitted

that the son's negligence in driving the father's car was the proximate cause of the collision, but they denied liability in a special defense on the ground of the Statute of Limitations. To this defense, the plaintiffs replied that they were induced to let the period of the statute run against them by the false and fraudulent representations of an insurance agent who acted for the defendants.

The agent testified for the defendants concerning negotiations which he had conducted with the plaintiffs. In the course of his testimony, to refresh his recollection, he used certain letters and other writings prepared by him and taken from the files of the insurance company. At the conclusion of his testimony, eleven of these documents, which were offered for the purpose of corroborating his oral evidence, were admitted by the trial court as full exhibits over the plaintiffs' objection. The jury returned a verdict for the defendants, and from the judgment rendered thereon the plaintiffs have appealed, assigning as error the rulings admitting the documents in evidence.

The rulings were erroneous. It has long been the law in this state that a memorandum used to refresh a present recollection may not be laid in evidence since it is the recollection, not the memorandum, which is the evidence. *Hawken* v. *Daley,* 85 Conn. 16, 19, 81 A. 1053; *Neff* v. *Neff,* 96 Conn. 273, 278, 114 A. 126; *State* v. *Schleifer,* 102 Conn. 708, 722, 130 A. 184; *Katsonas* v. *W. M. Sutherland Building & Contracting Co.,* 104 Conn. 54, 69, 132 A. 553. There is no merit to the defendants' claim that this rule has been modified by *Papas* v. *Aetna Life Ins. Co.,* 111 Conn. 415, 150 A. 310. The documents involved in that case were not used to refresh present recollection.

The rulings were also harmful. The effect of the negotiations between the plaintiffs and the insurance agent was the paramount issue in the case, and the improperly admitted documents may well have had an important, if not controlling, influence on the jury's determination of the credibility of the agent's testimony.

There is error, the judgment is set aside and a new trial is ordered.