EDWARD SPANIER ET AL. *v.* ARNOLD CARTIN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-631-2739

Argued September 14—decided October 16, 1964

*Mark C. Yellin,* of Hartford, for the appellant (defendant).

*Irving Reiner,* of Hartford, for the appellees (plaintiffs).

Jacobs, J. For the purpose of this appeal, the following facts will suffice. The plaintiffs were engaged in and operated the business of furnishing materials for the manufacture and installation of custom-made draperies and curtains for homes and offices. In the early part of July, 1962, the defendant Fanchon Cartin, hereinafter called the defendant, was desirous of refurbishing several rooms in her home in West Hartford with decorative accouterments. With this objective in mind, she communicated with Edward Spanier who, in partnership with his brother Albert Spanier, conducted their business under the name of Center Fabric Shop in Hartford. Several meetings took place at the home of the defendant. Spanier brought along samples of a number of fabrics from which the defendant could make her selections for the various rooms which she was considering. She made her own choices of the fabrics. These were then cut, made and installed by the plaintiffs in the girl's bedroom, in the hall, in the boy's bedroom and in the sunroom, at a total price, including state use and sales tax, of $575.85. The defendant was satisfied with the fabrics, workmanship and installation of the hangings in the boy's

room and in the hall; she claimed, however, that the seams of the draperies in the sunroom were showing noticeably. In response to this complaint, the plaintiffs removed the draperies and returned them to the Center Fabric Shop, where they were repleated; and they were reinstalled in the sunroom. The defendant again expressed dissatisfaction with the draperies because they were "uneven." To accommodate the defendant, adjustments were made by the plaintiffs' installation expert, in her presence, by changing the pins under the cornice. The defendant stated that "the work was done to her specification and satisfaction." On August 24, 1962, the plaintiffs sent the defendant a statement of her account, showing a balance due them of $575.85. No payment was made or received. Sometime thereafter, Edward Spanier telephoned the defendant with reference to her unpaid bill. During the course of this conversation, the parties agreed that the plaintiffs would waive payment for the curtains in the girl's bedroom (with which the defendant had also found fault), amounting to $65.50, provided that the defendant paid the balance of the bill forthwith. This she agreed to do. The agreement was reached, apparently, to avoid litigation and to adjust their differences once and for all. Payment of the balance was not made.

Based upon the foregoing facts, the court concluded that the plaintiffs fully performed all the terms, conditions and provisions of the oral agreement; that the oral agreement did not, either expressly or by implication, contain a provision that the work was to be done to the satisfaction of the defendant;[2] and finally, that the defendant's complaints

[2] In her brief and upon oral argument, the defendant pressed upon us the claim that the plaintiffs undertook to make draperies which would be satisfactory to her. See *Zaleski* v. *Clark,* 44 Conn. 218 (contract to make a plaster bust "which would be satisfactory to the defendant"); *Scott* v. *Erdman,* 9 Misc. 2d 961 (seller promised to

were frivolous in that they were neither genuine nor justified.[3]

As we view the record, this appeal presents nothing more than an attack upon the court's finding and the conclusions drawn therefrom. Unless the defendant's efforts to correct the finding by striking out many of the paragraphs and the addition to it of twenty-five new paragraphs prove successful, it becomes unnecessary to review the many legal questions raised and discussed in her brief. Her efforts are futile. They amount to a request addressed to this court to accept, upon conflicting evidence presented by the parties at the trial, the version of the facts to which the defendant's witnesses testified. The credibility of witnesses was the trial court's responsibility. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 592. This court cannot retry the case. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423.

---

complete draperies to "entire satisfaction of the buyer"). A careful examination of the pleadings in the case at bar disclosed that performance to the satisfaction of the defendant was nowhere pleaded as a defense. In the first special defense, it was alleged that "[p]laintiffs breached their contract in that the draperies were not as represented . . . and were of inferior and poor quality for the price to be paid." The substance of the second special defense was that the "plaintiffs breached their alleged contract and did not perform said work as they represented it would be performed, but performed said work in a careless and negligent manner in that they improperly sewed the draperies and hung said draperies unevenly." These defenses fall far short of alleging that the plaintiffs' performance was conditional upon the personal satisfaction of the defendant. See, for example, *Hawken* v. *Daley,* 85 Conn. 16, 21; 115 Rec. & Briefs 363 ("complete satisfaction of the defendant" pleaded as a special defense).

[3] The court's finding went further. It found (paragraphs 41 and 42) that the defendant's complaints "were unwarranted and not justified" and "were not genuine and sincere." Such a finding imports lack of good faith on the part of the defendant and that her dissatisfaction was not real but feigned. A finding of lack of good faith is fatal to the defendant's claim. See 3 Williston, Contracts (Rev. Ed.) § 675A; 3A Corbin, Contracts § 646; *Weinstein* v. *Miller,* 249 Mass. 516, 519.

The various other legal propositions argued and briefed by the defendant require no discussion.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.