MICHAEL J. COZY, INC. *v.* EDWARD F. SMITH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 4-6309-2251

Argued February 15—decided May 13, 1965

*Norman S. Drubner,* of Waterbury, for the appellant (plaintiff).

*Julian A. Sohon, Jr.,* of Bridgeport, for the appellee (defendant).

KOSICKI, J. The complaint contained two counts, the first of which alleged that the defendant owed the plaintiff a debt by book to balance book accounts, which debt remained wholly unpaid. Practice Book, Form No. 9. It is a statutory form of action founded on book accounts. *Terrill* v. *Beecher,* 9 Conn. 344, 348; Words and Phrases, "Book Debt—Action of." This was followed by a bill of particulars before the defendant was required to answer; Practice Book § 153; and conformed with the rule set down in *Reiley* v. *Torkomian,* 78 Conn. 645, 649. Assumpsit is a concurrent remedy, and consequently there has been less occasion to resort to the ancient action of book debt. *Reiley* v. *Torkomian,* supra, 648; see also 1 C.J.S., Account, Action on, § 24. Neither in the course of trial nor on appeal has any reference

been made in the evidence, brief or argument to the first count in the complaint, and we therefore consider it abandoned.

In the second count, the plaintiff has alleged: "On or before July 15, 1963, the plaintiff lent Six Hundred Forty-four Dollars and Forty-nine Cents ($644.49) to the defendant and performed work and rendered professional services of the price and value of said sum for the defendant, and said sum was found to be due to the plaintiff from the defendant on an account then and there stated between them." As to the allegation pertaining to an account stated, an essential averment to such a cause of action is that a settlement had been made and a balance ascertained and struck by the parties. *Hoggson & Pettis Mfg. Co.* v. *Sears,* 77 Conn. 587, 592. Settlement between the parties is a necessary ingredient in an action on account stated. *Remington* v. *Noble,* 19 Conn. 383, 386; 1 C.J.S., Account, Action on, § 27(b); Words and Phrases, "Account Stated" (Agreement between parties). This particular allegation was not pursued on trial and appeal, and it is evident that, lacking the necessary averments and proof, the plaintiff was not entitled to recover in an action on an account stated.

The court's finding, which is not subject to correction in any material respect, with such additional facts as are admitted and undisputed and are essential to a complete understanding of the somewhat abbreviated recital of the subordinate facts found and the conclusions reached, shows the following: In May, 1963, the defendant's automobile was damaged in an accident. This automobile was covered by what is commonly known as collision insurance, under the policy of which the defendant was entitled to receive from the insurer what damages were fixed by an acceptable estimate of

the loss suffered and, presumably, by an agreement of the parties. The insurer was not a party to the action. On May 20, 1963, the plaintiff gave the defendant a detailed "Memorandum of Estimate of Repair Costs, Owner's Copy," in the amount of $772.22. This included a charge of $85 to straighten the frame. This memorandum was not in any way accepted, approved or acted upon and may be omitted from further consideration. The insurer's adjuster then obtained an independent appraisal, which was much lower than the estimate submitted by the plaintiff. Because of the large discrepancy in the two figures, a third appraisal and estimate were made on June 4 by the Connecticut Valley Automotive Appraisers, Inc. This estimate totaled $585.38. To this was added the following statement, signed by an agent of the plaintiff: "Cozy Cadillac has expressed its willingness to complete and guarantee repairs as listed for $585.38. This amount is subject to Deductible Coverage, Liability and also Depreciation or Betterment which is left to the discretion of the company who ordered this appraisal. It is also understood that this does not authorize repairs." On July 25, an additional estimate of $85 was made by the same adjuster for straightening the frame. On or about July 16, the defendant delivered his automobile to the plaintiff to do the necessary repairs, and on August 1 the plaintiff announced the work as having been completed. The plaintiff at the same time rendered the defendant an invoice in the amount of $644.49. On September 3, the defendant, who was dissatisfied with the work done, arranged for an independent appraisal by a qualified appraiser in order to determine the extent of repairs and the reasonable value thereof. Without entering into the minutiae of the testimony of this witness, it was found by the court that there was no credible evidence that the frame had been straight-

ened or that it had been bent in the accident; that the reasonable value of the work done and materials furnished was $499.33; and that the defendant was entitled to recover on his counterclaim a credit of $25 because of poor workmanship on the left quarter panel of the car. Judgment was entered for $474.33. The court concluded that there was no contract for an exact or agreed price for the repair of the defendant's automobile and that the plaintiff was entitled to recover the reasonable value of his services and the materials furnished.

In its assignment of errors, the plaintiff's principal claims are that the court erred in refusing to find certain facts, which may be stated briefly as follows: (1) The estimate or appraisal of damage made on June 4, of $585.38, and on July 25, in the amount of $85, constituted offers by the plaintiff to the defendant to perform the necessary repairs for an agreed price; (2) these offers were accepted by the defendant in delivering his car for repairs on June 15; (3) the plaintiff was entitled to recover the price fixed by a contract between the parties, necessarily derived from the foregoing facts. If this were so, it would appear at first glance that the claim for damages would have amounted to $670.38 and not $644.49, the amount the plaintiff alleged in its complaint to be due for work and services rendered. It may also be observed that the foregoing facts might be deemed equally consistent with an exercise by the insurer of an option to repair under its policy provisions; *(Schreck* v. *Standard Accident Ins. Co.,* 102 Pa. Super. 18; notes, 98 A.L.R.2d 1319, 1320, 105 A.L.R. 1426, 1434); but since neither the policy nor the insurer is involved in this case we merely interpose this suggestion to indicate that the assumption by the plaintiff that the court was in error in denying the existence of a contract between the parties is not valid. The only allegation in the

complaint on which recovery could be had sounds in assumpsit. Practice Book, Form No. 5, paras. 1, 5, 6. Failure to plead in contract, however, does not preclude recovery, because of variance, if an agreed price is proved; and a different or a reasonable price may be recovered if the proof fails to establish the price alleged. Practice Book § 150; *Lavitt* v. *Aberle,* 144 Conn. 723, 724; *Freda* v. *Smith,* 142 Conn. 126, 132; *Vanderbeek* v. *Francis,* 75 Conn. 467, 469.

The evidence as to whether the contract between the parties was express or implied was not admitted or undisputed, and the facts which were relevant and material to the conclusion reached by the court were not found without evidence; therefore the plaintiff was not entitled to have the finding corrected either by striking therefrom certain facts found by the court or by adding thereto other facts which the court refused to find. Practice Book § 985; Maltbie, Conn. App. Proc. § 155. The plaintiff insists that on the basis of the evidence the conclusion of the court that there was no contract between the parties for the repair of the defendant's automobile for an agreed price was erroneous as a matter of law. "No conclusion of the trial court can be disturbed by this court . . . unless it appears either that it involves the application of some erroneous rule of law material to the case, or that the conclusion has been unreasonably drawn from the facts found. *Davis* v. *Margolis,* 107 Conn. 417, 422 . . . ; *Skovronski* v. *Genovese,* 124 Conn. 482, 484 . . . ." *Johnson* v. *Shattuck,* 125 Conn. 60, 62. Our examination of the transcript of evidence and the exhibits shows nothing to sustain the plaintiff's claim. Whatever contract the defendant had was with his insurer to indemnify him for the damage to his car according to the terms of his policy. This was not an issue in the case. The various estimates of damage,

which were placed in evidence, were made at the suggestion or instance of the insurer in order to evaluate the defendant's claim under the policy. Where the appraisal of damages amounts to nothing more than a contractual method of ascertaining the loss, settling no other fact, it cannot alone be the basis of a judgment or cause of action. Note, 54 A.L.R. 1445, 1462. The defendant's sole interest during all of these proceedings was to have his car restored to its former condition and to receive from the insurer the amount of money that the insurer, by its acceptance of the final estimate, was willing to pay, after such deductions as were permissible under the terms of the policy.

Furthermore, the court found on credible evidence that some of the work for which the defendant was billed was not performed at all, that some repair parts were not furnished, and that part of the job was not done in a workmanlike manner. These findings of the court cannot be disturbed. It is also evident that had the plaintiff pleaded and proved an express contract, the findings referred to would have amounted to a breach by partial or faulty performance, for which the defendant would be entitled to damages. The same practical result is achieved, under Practice Book § 150, by awarding the plaintiff a reasonable price for the work done and materials furnished.

There is no error.

In this opinion JACOBS and CICALA, Js., concurred.