[Department One.—June 27, 1883.]

# A. S. HALLIDIE, APPELLANT, v. SUTTER STREET RAILROAD COMPANY, RESPONDENT.

CONTRACT—EXECUTORY SALE—PLEADING.—The plaintiff agreed for a stipulated price to manufacture a steel rope or cable suitable in all respects for the operation of defendant's street cars, and to deliver it to defendant for trial. If found suitable, defendant agreed to accept it, but if it proved unfit, it was to be returned to the plaintiff. After testing the rope, defendant refused to accept it, and returned it to the plaintiff, who took it back, and brought this action for goods sold and delivered. The court below found that defendant rejected the rope because of its unfitness for the purpose intended. *Held,* first, that the contract was executory, and that such an action would not lie. Second, that the return of the rope to plaintiff, and his acceptance of it, was a rescission of the contract by mutual consent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Estee & Boalt,* for Appellant.

*Lloyd & Woods,* for Respondent.

McKEE, J.—Action to recover three thousand eight hundred and eight dollars for eleven thousand four hundred feet of three-inch flexible steel rope, which the plaintiff claims to have sold and delivered to the defendant at its special instance and request. By the answer defendant denied a sale, and affirmed that the rope was made under a contract by which the plaintiff agreed, for a stipulated price, to manufacture in the best manner and of the best quality of steel wire, a steel rope or cable, which would be in all respects suitable for operating and running the cars of the Sutter Street Railroad up and down Sutter Street, between Sansome Street and Larkin Street, in the city and county of San Francisco, and, when manufactured, to deliver the same to defendant for trial; and if, after a fair trial of the rope, it was found to be suitable for the purposes of the road, the defendant agreed to accept the same, and to pay the plaintiff the price agreed upon; but if found unsuitable, the rope was to be returned to the plaintiff.

As shaped by the pleadings the case presented for consideration the question, whether the transaction between the parties was an executed or an executory sale. The plaintiff contends that it was a contract of sale with warranty. (§ 1770, Civ. Code.) If that was the nature of the transaction the title to the property passed to the defendant, and plaintiff had a cause of action for goods sold and delivered, but the defendant, in case of a breach of the subsidiary agreement of warranty, had the right to return the property, especially if a return had been stipulated, or to sue on the breach of warranty for damages. (*Perley* v. *Balch*, 23 Pick. 283; *Dorr* v. *Fisher*, 1 Cush. 271; *Bryant* v. *Isburgh*, 13 Gray, 607.)

If, however, defendant merely agreed to buy the rope on condition that it would be fit and suitable for the purpose of its road, and time was given to test it for that purpose, then the title to the rope did not pass until the rope was accepted. If accepted the sale was complete, and liability for the price agreed upon then attached; but if not accepted there was no sale, and the plaintiff's remedy was for a breach of the agreement. (*Brown* v. *Foster*, 113 Mass. 136.)

The difference between an actual bargain and sale, and a contract for sale of an article to be manufactured under an agreement to sell and buy is thus stated by Shaw, C. J., in *Mixer* v. *Howarth*, 21 Pick. 205: "When the contract is a contract of sale either of an article then existing, or of articles which the vendor usually has for sale in the course of his business, the statute (of Frauds) applies to the contract as well where it is to be executed at a future time as when it is to be executed immediately. But where it is an agreement with a workman to put materials together and construct an article for the employer, whether at an agreed price or not, though in common parlance it may be called a purchase and sale of the article to be completed in future, it is not a sale until an actual or constructive delivery and acceptance." (See also *Spencer* v. *Cone*, 1 Met. 283; *Goddard* v. *Binney*, 115 Mass. 450; *Hight* v. *Ripley*, 19 Me. 137; *Ficket* v. *Swift*, 41 Me. 68.) And that is the rule formulated by section 1141, Civil Code: "Title is transferred by an executory agreement for the sale . . . . of personal property only when the buyer has accepted the thing, or when the seller

has completed it and offered it to the buyer, with intent to trans-
fer the title thereto in the manner prescribed by the chapter
upon Offer of Performance." (See also § 1729, Civ. Code.)

Here, as found by the court, the rope was manufactured and
delivered to the defendant in performance by the plaintiff of the
contract set up in the defendant's answer. Upon delivery of the
rope, the plaintiff had executed the contract on his part, but
the contract was still executory on the part of the defendant.
The defendant was under no obligation to perform unless it
found the rope to be what was bargained for; for it was upon
that condition the defendant promised to accept the rope and pay
for it. But the court found that the rope was unsuitable for the
purpose of the defendant's road; and that, because of its unfit-
ness for that purpose, the defendant refused to accept it and
returned it to the plaintiff, who took it back.

Although based on conflicting evidence as to the facts, yet the
findings are sufficiently sustained by the evidence; and upon
the facts found it is clear that the executory contract between the
parties had never been performed. The defendant refused to
accept, there was therefore no executed sale; the relation of ven-
dor and vendee did not exist between the parties, and the plaint-
iff's cause of action, if any, was not for goods sold and delivered,
but for a breach of the agreement, if the defendant was at fault
in refusing to accept; or if the defendant had damaged the rope
by a wrongful use of the same before it had been returned to
the plaintiff, liability would attach for such damages.

But as the condition on which the rope had been made and
delivered was not complied with, the defendant had the right to
reject the rope (*Brown* v. *Foster, supra*), and rescind the con-
tract; and when the rope was rejected by the defendant and
returned to the plaintiff who took it back, there was, in fact, a
rescission by mutual consent (§ 1689, Civ. Code), and as to the
contract the parties were in *statu quo*.

Judgment and order affirmed.

McKINSTRY, J., and Ross, J., concurred.