## *A. R. WILBUR v. BINGHAM & PHELPS.

**1. PROPERTY PURCHASED "TO BE SATISFACTORY" MUST BE SO TO PURCHASER.**

Where it is agreed that a furnace for a dwelling shall be placed in the house and shall be satisfactory to the defendant, or if he is not suited with it, he need not pay for it and may reject it, it is error to charge "that if the furnace was built in a workmanlike manner and performed its intended purpose in a manner that it ought to have suited and satisfied the defendant, he had no right to reject it."

**2. EVIDENCE OF GOOD QUALITY AS BEARING ON GOOD FAITH OF REJECTION.**

Evidence of the good character of the furnace may be properly admitted. as bearing on the good faith of the defendant in the rejection, if that is in question.

ERROR to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J.

The case of A. R. Wilbur v. Bingham & Phelps, is a petition in error by defendant in the common pleas to reverse a judgment recovered against him by Bingham & Phelps for putting a Ruby furnace in the house of Wilbur. The parties differ as to the contract. Bingham & Phelps alleged Wilbur was to buy that furnace, and agreed to pay a certain sum for it. Wilbur denied the contract alleged in the petition, and claimed that the terms upon which he bought that furnace, were, that it was to be put into his dwelling house, "and if he should not like said furnace, and was not suited with the same, the said defendant would not be required to pay therefor"; but if he was suited with it and did like it, then he was to pay the price which was claimed by the plaintiff to be the agreed price. He denies he was suited; claims it was not a good furnace, and that he had refused to keep it, and had asked plaintiffs to remove it.

There is substantially only one question before us in this case—that is what construction is to be given to a contract in which the one party agrees to do some work, or to sell some property, that should be satisfactory to the party who receives it. In this particular case it was said before us, that that furnace still remained in the house of Wilbur, and that he was still using it, and that that fact was binding on him to pay for that furnace. And on the other hand, there was some testimony that he was to return it and had asked plaintiffs to take it out.

On the issue the defendant had a right to have the jury determine what the contract was. The question arises upon the charge of the trial judge, who said: "If the contract was as the defendant claims it, yet if the furnace was built in a workmanlike manner, and performed its intended purpose in a manner that it ought to have suited and satisfied the defendant, then the defendant has no right to reject it, and the contract, as the defendant claims it was, is not a defense to this action brought by the plaintiffs." The judge left it to the jury as the main issue whether the objections of the defendant to that furnace were or were not reasonable. And the two views taken of such contracts have been, first, that if a party ought reasonably to be satisfied with a thing, he was to be considered as being satisfied with it; and, on the other hand, that although his objection might be unreasonable, yet, if he honestly made the objection, that the contract was not performed according to its terms.

---

* This case is followed by the circuit court in Karsner v. Ins. Co., 2 Ohio Dec., 661.

We think it is quite evident that when a vendor says he is going to do work, and the buyer need not pay for it unless he is satisfied with it, he means to convey to the buyer, that he may on an examination of that article make up his mind whether he is satisfied with it.

There are a great many cases where the buyer is induced by the privilege of making up his own mind on the subject after he has the opportunity to examine and accept it after trial. Now, if in all those cases it is sufficient for the seller or the manufacturer to prove to the satisfaction of a jury that the man ought to have been satisfied, or made a mistake in not being satisfied, or that the article furnished was workmanlike and of value, it seems to us that does not carry out the real intention of the parties when they enter into such a contract. These contracts have not been frequent years ago, but of late, in the competition of trade, they have been quite common.

A very late case is that of Seeley v. Welles, decided by the supreme court of Pennsylvania and reported in the American Law Register of September, 1888. The court say: "Where a person agrees to take a machine and try it, and if it works to suit him, to buy it, he may reject it though his objections may seem unreasonable to others, if his objection is made in good faith and is not merely capricious."

We have referred to this case partly because it is followed by quite a valuable note by Mr. James M. Kerr, reviewing a large number of cases, and so clearly as to be quite an epitome of the law upon the subject.

In the case of Singerly v. Thayer, 108 Penn. St., 281, the same doctrine was laid down. The words were: "Warranted and satisfactory in every respect."

The court say: "Satisfactory to whom? Certainly not to the maker only. Was it to be satisfactory to the person for whom it was to be made, and by whom it was to be used? The learned judge below thought this was not a necessary requirement; but if it was built in a workmanlike manner, and performed its intended purpose in a manner which ought to be satisfactory to the plaintiff in error, that was sufficient. In other words, it may have been wholly unsatisfactory to him, yet if the jury thought he ought to have been satisfied, he was bound to accept it."

"The manifest import and meaning of the language is, that it should be satisfactory to him. This, then, was the agreement. To him alone was the proposition made. It would not have been any clearer had it read, "warranted satisfactory to you in every respect." He, therefore, was the person to decide and to declare whether it was satisfactory. He did not agree to accept what might be satisfactory to others, but what was satisfactory to himself. This was a fact which the contract gave him the right to decide."

And the language in most of the other cases is quite similar.

The following cases are examples of contracts in which the opinion we have expressed is fully supported: McClure v. Briggs, 58 Vt., 82; Zaleski v. Clark, 44 Conn., 218, s. c. 26 Am. Rep., 440; Brown v. Foster, 113 Mass., 136, s. c. 18 Am. Rep., 463; McClaren v. McNulty, 73 Mass. (7 Gray), 139; Daggett v. Johnson, 49 Vt., 348; Rositer v. Cooper, 23 Vt., 522; Hallidie v. Sutter St. R. R. Co., 63 Cal., 575; Gibson v. Cranage, 39 Mich., 49; Silsby Mfg. Co. v. Chicago, 24 Fed. Rep., 393; Wood Reaping Machine Co. v. Smith, 50 Mich., 565; Taylor v. Brewer, 1 M. and S., 290; Herm v. Davis, 3 Bosw. (N. Y.), 336; Hoffman v. Gallagher, 6 Daly, 42; Gray v. Central R. R. Co., 11 Hun. (N. Y.), 70; Moore v. Gordon, 43 Hun. (N. Y.), 534; Hart v. Hart, 22 Barb. (N. Y.), 606.

We have in Ohio two cases bearing upon that subject; the first is Kane v. Stone Company, 39 O. S., 1, where the work was to be satisfactory to the architect. Page 1, the court say: "If such architect, acting in good faith, fails and refuses to approve the work in any form, the general rule is that the contractor cannot recover." Similar cases are to be found in 97 U. S., 398; 109 U. S., 618; 114 U. S., 549. A considerable number of cases hold that where

the architect acts honestly—that is the language used in this case—that his judgment is final.

Now, it may be said that the case of Kane v. Stone Co., *supra*, was a submission to a third person, and was in the nature of an arbitration. The cases generally do not treat it so; they talk about it as a mere condition, and not a submission to arbitration.

There is another case in Ohio, which by analogy, it seems to me, bears out precisely the law as we decide it. It was not a case of sale, but a chattel mortgage, the Barrett v. Hart, 42 O. S., 41. "A chattel mortgage contained the following: If the said party of the second part shall at any time deem himself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof * * * said party of the second part is hereby authorized to take possession of said goods * * * at any time, wherever found, either before or after the expiration of the time aforesaid," etc.

Held: "The mortgagee may take possession of such property, when he, acting in good faith and upon facts arising since making the mortgage, does deem himself in such danger."

"Such a mortgagee, if a witness, may testify as to whether or not he did deem himself in danger of thus losing his debt, or part thereof."

The question discussed was by analogy the same question practically that arises in this case; which is, whether the mortgagee must reasonably, or only honestly, deem himself in danger. "The true standard must be," says the court, "whether the mortgagee, acting in good faith at the time, deems himself in danger."

The discussion on pages 44–46 is worth examining. The court say, the facts of danger alone cannot determine, the breach of the condition, but that the contract made the mortgagee the judge. The court came to the conclusion that the mortgagee was authorized to take possession of that property, although the facts, to a man of better judgment perhaps, would not have authorized it.

We think, then, this case must be reversed, because of this error in the charge.

There was another exception taken to the evidence, offered by plaintiffs of the character of the furnace. Even on the defendant's view of the case, it would still be proper to prove the character of the furnace, for the purpose of showing whether the defendant acted in good faith, if that issue is raised by the pleadings. All that need be said about it is, if that was the sole object for which it was admitted, it was out of order.

The judgment of the court below will be reversed, and the case remanded for new trial.

E. L. Hessenmueller, for plaintiff in error.

J. E. Ingersoll, for defendants in error.