MORSE, WILLIAMS AND COMPANY *vs.* ALVIN D. PUFFER.

Suffolk.  November 14, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Contract*, Performance and breach, Construction.

The plaintiff agreed to construct a passenger elevator in the defendant's building with a ten horse power motor, wound for five hundred volts "to be left in satisfactory running manner" for a price named. *Held*, that this contract was performed by the plaintiff furnishing a suitable elevator of ten horse power, and that it was no defence to an action for the price, that a motor of fifteen horse power was needed to make the elevator satisfactory for the uses to which the defendant desired to put it.

CONTRACT for $700, the agreed price of an elevator furnished by the plaintiff in a building of the defendant in Boston, called Deacon Halls.  Writ dated February 12, 1901.

At the trial in the Superior Court before *Aiken*, J., it appeared that the contract sued upon consisted of the following offer and acceptance:

"Boston, Sept. 28, 1900.  Mr. A. D. Puffer, Dear Sir: — We, the undersigned, propose to erect your passenger elevator in building No. 1651 Washington street, this City, using all materials you have pertaining to the same so far as possible, and if any should be required, we are to supply the same.  We propose to furnish one 10 H. P. motor, wound for five hundred volts, same to be operated with an automatic gravity controlling device, so connected that the motor is running only when the elevator car is in motion.  It is understood that we are to use the hard pine lumber now on the premises, and proceed with the frame work where your men left off, the elevator to be left in a satisfactory running manner for the sum of seven hundred dollars ($700.00).  It is understood that you are to bring the service wires to the machine, also furnish and set in position one sliding door in car, and if your present cables are found too short, or not in a condition to use, you are to furnish new ones.  Respectfully submitted, Morse, Williams & Co.  D. B. MacLary, Mgr."

" Boston, October 2, 1900.   Morse, Williams & Co., 19 Pearl street, Boston, Mass.   Dear Sir, — I hereby accept your proposal contained in your communication of September 28, 1900, to do work on elevator at 1651 Washington street for seven hundred dollars ($700).   I to have a thirty days trial after all is complete.   A. D. Puffer."

The character of the evidence in regard to the performance of the contract is described by the court.

The jury returned a verdict for the plaintiff for the full contract price with interest.   The defendant alleged exceptions, of which those that are material are stated by the court.

*G. F. Ordway*, for the defendant.

*D. C. Brewer*, for the plaintiff.

KNOWLTON, C. J.   This is an action brought by the plaintiff corporation to recover compensation under a contract in writing to erect a passenger elevator in the defendant's building.

The defendant excepted to the refusal of the court to instruct the jury as follows: " 1.   Upon all the evidence the plaintiff is not entitled to recover upon the express contract.   2.   If a 10 H. P. motor by reason of its lack of power could not and did not run the elevator in a manner reasonably satisfactory to the defendant Puffer, the jury may find that the plaintiff has not complied with its contract and may deduct from the contract price the amount of money expended by the defendant to leave the elevator in a satisfactory running manner."

It is plain that the first request was rightly refused.   Although there was much contradiction in the testimony, there was ample evidence to warrant a finding that the contract was performed by the plaintiff.   We do not understand the defendant to argue this exception, unless it is necessarily involved in his argument upon the second request, by which he contends that if a ten horse power motor would not give reasonably satisfactory results because more power was needed, then it was the duty of the plaintiff under its contract to furnish a motor of larger horse power.   It subsequently appeared according to the evidence that a motor of fifteen horse power was needed to make the elevator satisfactory for the uses to which the defendant desired to put it.

This question in regard to the construction of the contract,

lies at the foundation of the case.   We are of opinion that the judge rightly ruled that the motor called for was a ten horse power motor, and that if the plaintiff furnished one of that power, wound for five hundred volts, of standard quality, and workmanlike in its construction and operation, and performed the other parts of his contract, the defendant could not avoid liability because he needed a motor of larger horse power.

This question is also decisive of the exceptions as to the admission of testimony.   The questions excluded called for answers applicable to a motor of fifteen horse power.   Besides, these questions relate only to the damages to be deducted for the breach of the contract, and they are immaterial because the jury found for the whole contract price on the ground that the contract was fully performed.

*Exceptions overruled.*