MICHAEL CASHMAN & another vs. JOHN H. PROCTOR.

Essex.    November 5, 1908. — November 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Contract*, Construction, Building contract.  *Practice, Civil,* Exceptions.

By a contract in writing a contractor agreed " to provide all labor and mate-
rials required in the construction of one stationary coal hoisting tower, cable
railroad, etc., on " a certain wharf for its owner, " in accordance with plans and
specifications furnished by " the contractor and made a part of the contract,
" and to the acceptance of the " owner of the wharf.  *Held,* that the provision
that the plant should be constructed " to the acceptance " of the owner of the
wharf meant, under the circumstances, only that the materials and the con-
struction should be such that a reasonable man ought to be satisfied with the
completed work as conforming to the requirements of the contract and specifi-
cations, although it might not perform all the work the owner desired of it.

A contractor made with the owner of a wharf a contract in writing to " provide all
labor and materials required in the construction of one stationary coal hoisting
tower, cable railroad, etc.," on the wharf, in accordance with certain specifica-
tions and " to the acceptance of the " owner.  In the specifications, which gave
a detailed description of the appliances to be furnished, the contractor agreed
" to furnish the plant complete, ready to discharge coal and to furnish en-
gineers and other men, at the owner's expense, to operate the same until the
same has been thoroughly demonstrated that the plant is working success-
fully . . . the plant to work perfectly."  *Held,* that the contract required that
the working of the plant should be successful and perfect when called upon
to do the work of which such appliances and machinery as were described in
detail in the specifications ought to be capable, and did not require the furnish-
ing of a plant of sufficient capacity to do all the work that the owner might
desire.

No exception lies to the refusal of a judge presiding at a trial to grant a request
for a ruling which correctly states a proposition of law applicable to the facts of
the case, if in his charge to the jury he in substance states the proposition con-
tained in the request, although in different words.

CONTRACT for breach of a contract in writing whereby the
defendant, for a certain price, agreed " to provide all labor and
materials required in the construction of one stationary coal
hoisting tower, cable railroad, etc., on " the plaintiffs' wharf
" in accordance with plans and specifications furnished by "
the defendant " and to the acceptance of the " plaintiffs.  Writ
in the Superior Court for the county of Essex dated July 14,
1905.

The specifications, which were made a part of the declaration, required, among other things, a bucket engine, a trolley engine and a cable road engine which were specifically described as to size and style, but there were no requirements as to capacity for work. A boiler of a certain size also was required, and it was agreed that it was " guaranteed for one hundred pounds steam working pressure . . . and in every respect first class." All fittings were required to be " attached to a boiler in a first class manner." At the end of the specifications was the following : " We propose to finish the plant complete, ready to discharge coal and to furnish engineers and other men, at the owner's expense, to operate the same until it has been thoroughly demonstrated that the plant is working successfully . . . the plant to work perfectly."

The breaches of the contract alleged in the declaration were that the defendant " failed to erect a plant first-class in every respect and erected a plant that would not, did not and never has worked perfectly, and that the boiler furnished under said contract and above referred to would not maintain one hundred pounds steam working pressure ; the trolley engine and boiler furnished by the defendant was in all respects inadequate and too small to do the work required of it, and the plant in many other respects was wholly inadequate for said work ; and incapable of handling and discharging the plaintiffs' coal as required."

At the trial, which was before *White*, J., there was conflicting evidence as to whether the specification in regard to the boiler meant that it would maintain one hundred pounds steam working pressure, or that it indicated that one hundred pounds pressure was its maximum strength. There also was conflicting evidence as to whether the appliances called for by the contract were properly arranged mechanically.

At the close of the evidence, the plaintiffs requested the following among other rulings :

" 2. The defendant agreed to erect the plant to the acceptance of the plaintiffs, and if he failed to do this the plaintiffs are entitled to recover their damages suffered by reason of this failure.

" 3. The fair construction of the contract and specifications

is that the defendant warranted that the plant would work perfectly, and it is for the jury to say if it did work perfectly.

" 4.  The fair construction of the contract and specifications is that the defendant warranted that the plant when erected would work successfully, and it is for the jury to say if it did work successfully.

" 5.  Upon a fair construction of the contract and specifications and upon all the evidence, there was a warranty that the plant would work successfully or perfectly while doing the work the plaintiffs might reasonably require of it in their business.

" 6.  The clause in the specifications as follows ' the plant to work perfectly,' constitutes a warranty on the part of the defendant.

" 7.  The fair construction of the words ' ready to discharge coal,' taking into consideration all the circumstances of the parties at the time the contract was made, and in connection with the other parts of the contract, is that the plant would at its completion discharge coal satisfactorily and if the jury find that the plant was unable to discharge coal satisfactorily there was a breach of the defendant's contract."

The manner in which the rulings were dealt with by the presiding judge is stated in the opinion.  In his charge to the jury, the presiding judge stated, among other things :  If the defendant " put in just the mechanical appliances which he agreed to put in and put them in mechanically correctly then he fulfilled his contract.  That is, if the defendant furnished a plant in accordance with the plans and specifications and it worked perfectly mechanically it is immaterial whether or not it was of sufficient capacity to do the work required of it by the plaintiffs.  That is, he was bound to have the arrangement of things and the machinery which he put in, he must have that in perfect mechanical operation in order to complete his contract, and nothing more, unless you should find in regard to the engine — so far as the other things are involved outside of the engine, and as to the engine also, if you should find that the guaranty of the engine was simply of its strength and not of the amount of work it was to accomplish."

There was a verdict for the defendant and the plaintiffs alleged exceptions.

W. F. White, (N. N. Jones with him,) for the plaintiffs.

F. C. Allen, for the defendant.

SHELDON, J.   The plaintiffs' second request was properly refused.   The provision in the contract that the plant should be constructed " to the acceptance " of the plaintiffs, meant under the circumstances here existing only that the materials and the construction should be such that a reasonable man, in view of the specifications incorporated into the contract, ought to be satisfied with the completed work as conforming to the requirements of the contract and specifications.   *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25.   *Noyes* v. *Eastern Accident Association,* 190 Mass. 171, 182.   *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220.   A reasonable man would not have refused to accept this work, if it complied with all the terms and stipulations of the contract and specifications, merely because its capacity was not sufficient to do all the work that he desired.   Under the contentions made by the parties in this case, that was the actual effect of the modification of this request made by the judge.

The third, fourth, fifth and sixth requests were given in substance, but subject to a modification similar to that already stated, i. e., that what the defendant was required to do was to " put in just the mechanical appliances which he agreed to put in, and put them in mechanically correctly "; and that " if the defendant furnished a plant in accordance with the plans and specifications and it worked perfectly, mechanically, it [was] immaterial whether or not it was of sufficient capacity to do the work required of it by the plaintiffs."   This was correct.   *Brummett* v. *Nemo Heater Co.* 177 Mass. 480.   *Morse, Williams & Co.* v. *Puffer,* 182 Mass. 423.   The agreement was not to furnish a plant which should be of sufficient capacity to do all the work that the plaintiffs might desire, but to furnish certain carefully described appliances and machinery, and that the plant constructed from them should work successfully and perfectly; which must mean only that the working should be successful and perfect when called upon to do the work of which such appliances and machinery ought to be capable.   These words cannot be extended to include the successful and perfect accomplishment of work beyond the capacity of such a plant.   To

the extent that we have stated, these words were treated as creating a warranty; and it is immaterial that this word was not used by the judge. *Parker* v. *Springfield,* 147 Mass. 391.

The seventh request was given in substance with the modification already stated; and for the reasons mentioned above we are of opinion that the modification was correct.

The eighth request is not now insisted upon.

The ninth, tenth, eleventh and twelfth prayers no doubt state correct rules of law. *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22. That is, the matters spoken of in these requests were not conclusive against the plaintiffs as matter of law. It was their right to have this issue submitted to the jury. But this was done. In substance, accordingly, these requests were given. And we cannot say that this exception is open to the plaintiffs. The judge evidently considered that he had given these requests; for he said to the plaintiffs' counsel at the end of his charge, that he had given substantially their requests numbered from two to twelve, with the modification which has been stated; and the plaintiff's counsel, apparently consenting to this, desired only to except to that modification and to another specific part of the charge, which has been already considered.

For the same reason the plaintiffs' contention before us in argument that the judge should have ruled in terms upon the question whether there was an express or implied warranty that the plant would do the work for which it was constructed, is not open upon these exceptions. Apart from the fact that this question was in substance submitted to the jury, if the plaintiffs desired more specific instructions upon it, they should have asked for them.

*Exceptions overruled.*