[No. 8645.]

McCARTNEY v. BADOVINAC.

CONTRACT—*To Pay for Services Rendered to the Satisfaction of Promissor,* does not constitute the party so promising the absolute and final judge as to the character of the service. If in point of fact he ought to have been satisfied, he is not to deny liability out of mere whim and caprice, or the desire to evade a just obligation. (79, 80.)

*Error to Pueblo District Court.* Hon. C. S. Essex, Judge.

Mr. Robert Cowles, Mr. John W. Davidson, and Mr. Fred A. Sabin, for plaintiff in error.

Mr. F. R. McAliney, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

This is an action growing out of a written contract as follows:

"*Whereas,* Dr. Ragsdale of La Junta, Colorado, has accused Mrs. O. W. McCartney of the theft of a certain diamond and O. W. McCartney is desirous of learning the facts concerning the said affair, and Nicholas Bado-

vinac is a detective engaged in the business of detecting crime;

It is hereby agreed by and between the said O. W. McCartney and Nicholas Badovinac that the said Badovinac will undertake to discover who actually took the said diamond, if the same was stolen, or whether or not the same was stolen. And the said O. W. McCartney has this day deposited the check of Crooks and Campbell for the sum of Five Hundred Dollars with E. F. Chambers to be by him turned over to the said Badovinac in the event he shall determine the above questions to the satisfaction of said McCartney, otherwise the said check to be returned to the said O. W. McCartney.

Dated Pueblo, January 10, 1911. Said check is made for $500, payable to Nicholas Badovinac.

Nicholas Badovinac,<br>
O. W. McCartney,<br>
F. A. Campbell.

Witness:

    E. F. Chambers.''

It appears that the check for Five Hundred Dollars mentioned in the contract, was caused to be cashed by Mr. Chambers, who held the money subject to the result of the agreement. Each of the parties demanded the money and this suit was to determine the rights of the principal parties in the premises. The suit was instituted by Badovinac as against Chambers, and McCartney was interpleaded.

The trial was to the court without a jury. The court found for the plaintiff Badovinac, and judgment was rendered accordingly. The findings of fact and conclusions of law by the court were as follows:

"But as to the facts presented by this record as to the theft of the diamond and the connection of the wife of the interpleader therewith, the court is compelled to say that we have met few contentions with so little want

of merit and apparent lack of good faith. A more complete and perfect case of larceny could not well be conceived of. It contains the proof of every element thereof beyond all reasonable doubt.

1.  Its taking away by stealth.
2.  The opportunity limited to the accused.
3.  Her possession of it and mission to Pueblo.
4.  Her disposition of it for gain.
5.  Her similar act with reference to interpleader's own diamond.
6.  Her identifications as to the transactions.
7.  The establishment of the ownership of the diamond and adjudication thereof.
8.  Her confession of the theft.
9.  Her flight from the state and absence ever since.
10. Interpleader's participation therein as accessory after the fact.

"Evidence much more abundant to establish guilt than ordinarily adduced; so that if the interpleader is not satisfied from this record of her guilt of the offense charged to her he is perhaps the only intelligent person to whom it could be presented who would conscientiously entertain any reasonable doubt. It even passes the point of reasonable doubt and reaches the plane of certainty as certain as anything in human knowledge can be.

Categorically he answered his counsel that he was not satisfied on either of the questions mentioned in the contract,—either that Mrs. McCartney stole the diamond ring, or even that it was stolen at all, without assigning any reasons for his pretended disbelief. In the face of this record it is too apparent for argument that the answers are a mere subterfuge and pretext, without reason or sincerity. He even intimates a belief that Mrs. Ragsdale might have stolen her own ring and pawned it in order to charge Mrs. McCartney with the theft. An examination of his entire testimony would justify either

jury or court in finding that his categorical answers are not true, and that he was in fact satisfied with the determination of both of the questions as shown by the proof at hand.

The plaintiff undertook to discover whether or not the diamond was stolen, and if stolen, who was the thief. He performed his undertaking by proof in hand sufficient to satisfy any reasonable man, acting reasonably, and in good faith, and sufficient to warrant a conviction of the accused had she not been spirited out of the state by the interpleader and should have been permitted to stand trial.

The court therefore, sitting as a jury, finds all issues of fact in favor of the plaintiff and against the intervenor, and that he has fully complied with the terms of the contract in letter and spirit. This finding disposes of all questions of law which might possibly arise upon a finding that while plaintiff had fully complied with his undertaking, yet that it was not done 'to the satisfaction of the said McCartney.' Hence, the court will not undertake to review the authorities cited by respective counsel. The finding of fact settles the law questions.

However, as to such cases the court will say that in such contracts where a party simply says he is not satisfied and stands upon that without more, we must not overlook the element of 'good faith' in such expressed dissatisfaction. A capricious, unreasonable, invalid, designed, feigned, arbitrary, dishonest, insincere, pretended, mercenary expression of dissatisfaction will not be regarded by the courts to defeat the payment of a just claim. When one party to a contract has performed his part of it the court will say to the other party: 'That which in reason you ought to be satisfied with, the law will say you are satisfied with.' To permit such a defense to prevail could not be on the ground of a *bona*

*fide* dissatisfaction, but would amount to fraud and to clothe it with dignity of a legal defense.''

The findings of fact appear to be fully justified by the evidence and will not be disturbed. The sole question to be considered is as to the court's conclusions of law under the state of facts presented.

It seems to be the contention of plaintiff in error that under the contract, McCartney was the person to be satisfied, and that he alone may determine as to whether or not he was satisfied, regardless of the question of his good faith in that regard. Counsel urge that this contention is fully sustained by *Bush v. Koll*, 2 Colo. App. 48, 29 Pac. 919, and 6 Colo. App. 249, 40 Pac. 579. To this we cannot agree. Koll was employed by Bush & Morse as a *chef* under an agreement providing for a monthly salary of one hundred and thirty dollars per month for the term of one year with the provision that, ''The said party of the second part agrees to give his entire attention to the business for which he is employed, and to render good and satisfactory service.''

The court held that the jury did not follow the instruction of the court as to the law in such case and that it disregarded the evidence which clearly established that Koll's services were unsatisfactory. It is true that there were some things said in the opinion which tend to support the contention of plaintiff in error. But Judge Bissell in his dissenting opinion asserted the rule applicable in such cases to be:

''In cases of this sort the true rule is 'that which the law will say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with.' *Duplex Safety Boiler Co. v. Garden, et al.,* 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709; *Clark v. Rice,* 46 Mich. 308, 9 N. W. 427; *Dagget & Graves v. Johnson,* 49 Vt. 345; *Roy v. Goings,* 96 Ill. 361, 36 Am. Rep. 151; *Braunstein v. Insurance Co.,* 1 East & Smith, 783, (101 E. C. L. 782).''

The case was again before that court in 6 Colo. App. 294, 40 Pac. 579, where by an undivided court, it was said:

"The instruction which was claimed to have been erroneous appears to be the correct construction warranted by the wording of the document, and well sustained by authority. It was: 'The court instructs you that, under the contract in evidence in this case, the plaintiff contracted to render satisfactory service to defendants, and the defendants had the right to discharge the plaintiff at any time when the service of the plaintiff was not satisfactory to them; but, to entitle defendants to discharge plaintiff on that ground, the claim made by them that such services were not satisfactory must be made in good faith—that is, the defendants must have been really dissatisfied with the service of the plaintiff to authorize his discharge upon that ground. And if you believe from the evidence that the defendants discharged the plaintiff because they were really dissatisfied with the services in the line of his employment, then you must find for the defendants, and it is not necessary that the defendants should have any cause for such dissatisfaction; but if you believe from the evidence that defendants were not really dissatisfied with the service of the plaintiff in the line of his employment, and that such claim is not made in good faith, then defendants were not authorized to discharge the plaintiff on that ground.'

It appears to have been entirely disregarded by the jury, for, taking all the testimony, that of both plaintiff and defendant, and it establishes the fact that under the existing circumstances, and as they had for some time existed, the performance of the duties and services could not be satisfactory to either party by reason of continued jarring and friction, while the proper prosecution of the business of defendants was so intimately dependent upon the chief cook and his subordinates, employed

by him, that any want of harmony or laxity of discipline was of necessity destructive of business.''

The rule stated in this instruction, so adopted and approved in that case, was followed by the trial court in this case, and upon that authority, as well as upon sound reason and justice must be sustained. Here, the trial judge found as a fact that the claim of McCartney, to the effect that the proof furnished by Badovinac was not satisfactory to him, was not made in good faith, but was made in such bad faith, as if permitted to prevail would amount to a fraud.

It is true that courts have been somewhat confused, and divided in opinion, upon the question under consideration, but a careful review of the authorities discloses that where a contrary view has been adopted to that announced by the Colorado Court of Appeals, it is generally in cases which, as stated by Judge Bissell, relate to busts, clothes and cases of the description which relate to the satisfaction of the persons for whom they are to be constructed, or in cases where work is to be done to the satisfaction of a party clothed with a discretionary, and quasi judicial power, to determine the character of what has been performed.

But seemingly in all other well considered cases it has been held that contracts may not be so construed as to give to either party the right at his whim and caprice, to reject that which he has contracted, or to refuse to pay the price of what has been supplied under the agreement that he shall be satisfied.

In this case the plaintiff undertook by his agreement to discover who actually took the diamond, if the same was stolen, or whether or not the same was stolen. Under the finding of the court this agreement was fully and completely performed: No impartial person could hold otherwise. The question then is, shall the plaintiff in error because of his own selfish interest, by reason of

his own will, at his own *ipse dixit,* and in bad faith, de-. prive the defendant in error of the full and completely earned compensation under the agreement. To so hold would be to countenance and approve a palpable fraud.

The agreement in this case was to furnish proof of a fact, and the same principle is to be applied as in the vast number of cases involving the satisfaction to insurance companies of an agreement to furnish proof of injuries, of death, of condition of health in cases of reinstatement, etc.

In the English case of *Braunstein v. Accident Ins. Co.,* 1 East & Smith, it was provided "that before payment of the sum insured by the policy, proof satisfactory to the directors of the company, should be furnished by the claimant of the death or accident," and it was there held that the company might require only such proof as was reasonable and necessary to establish the fact, and could not defeat the claim for reasons chimerical, capricious or unjust, and that the term "to the satisfaction of the directors" must be understood to mean to their reasonable satisfaction.

And in *Duplex Safety Boiler Co. v. Garden,* 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, the condition of payment was that "when the defendants were satisfied that the boilers so changed were a success" it was said by the court:

"Performance must, of course, accord with the terms of the contract; but if the defendants are at liberty to determine for themselves when they are satisfied, there would be no obligation, and consequently no agreement which could be enforced. It cannot be presumed that the plaintiff entered upon its work with this understanding, nor that the defendants supposed they were to be the sole judge in their own cause. On the contrary, not only does the law presume that for services rendered, remun-

eration shall be paid, but here the parties have so agreed."

In *Dennis v. Massachusetts Benefit Association*, 120 N. Y. 496, 24 N. E. 843, the court said:

"The provision in such policy that the member might be relieved from the effect of forfeiture for non-payment of an assessment on giving a 'valid' excuse to the officers of the association, does not vest in the officers the exclusive right to determine the validity of an excuse. Their determination is reviewable by the courts. * * * 'The word valid as here used is equivalent to 'good,' 'sufficient,' or 'satisfactory.'"

The words "satisfactory proof" entitled the association to demand that the fact of death should be shown with reasonable definiteness and certainty. *Buffalo Loan Co. v. Knights Templar*, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. 839.

And in *Trasier v. Com. Trav. Association*, 202 Mass. 292, 88 N. E. 901 (Mass.), the court said:

"The proofs to be furnished by the plaintiff were by the terms of the policy to be satisfactory to the defendant's board of directors. This, to be sure, does not mean that the judgment of the defendant's board was to be necessarily final on the matter, but only that the proofs must be such as ought to be satisfactory to reasonable men acting reasonably. Accordingly it ordinarily will be for the jury, looking at the proof actually furnished, to say whether it was such as reasonably should have satisfied the directors. *Noyes v. Eastern Accident Association*, 190 Mass. 171, 182, 76 N. E. 665, and cases cited; *C. W. Hunt Co. v. Boston Elevated Railway*, 199 Mass. 220, 85 N. E. 446; *Cashman v. Proctor*, 200 Mass. 272, 86 N. E. 284."

In *Manufacturing Co. v. Brush*, 43 Vt. 528, involving a sugar evaporator sold, "to be satisfactory to the purchaser," it was said:

"The trial upon which the defendant took the evaporator was to be had for the purpose of ascertaining whether the defendant liked it or not, and not for the purpose of ascertaining whether it was equal to the plaintiff's recommendations of it or not. The trial was to be had solely with reference to the defendant's wishes in respect to the machine for such uses as he might find he could make of it and not with any reference to any usefulness of it for other persons. To this trial the defendant was bound to bring honesty of purpose; anything short of that would not determine his wishes, fairly, but only his willful caprice or his dishonorable design."

In *McKenzie v. Minis*, 132 Ga. 323, 63 S. E. 900, 23 L. R. A. (N. S.), 1003, 16 Ann. Cas. 723, the court stated the rule to be:

"The promisor whose satisfaction is thus made the test must act honestly and in good faith. His dissatisfaction must be real, not merely pretended. Thus, if a suit of clothes were agreed to be made to the satisfaction of the purchaser at a fixed price, if they were in fact satisfactory to him, he could not feign dissatisfaction in order to get out of the contract merely because another similar suit was offered to him at a less price. This would not be dissatisfaction, it would be fraud."

It has been generally held that "to be dissatisfied," is a fact, and must be a verity and not a pretext. It is not, "I will not accept it,—will not have it," but it is, "It is not satisfactory," or "I am really and honestly dissatisfied with it." *Exhaust Ventilator Co. v. C., M. & St. P. Ry.*, 66 Wis. 226, 28 N. W. 343, 57 Am. Rep. 257; *Pierce v. Cooley*, 56 Mich. 552, 26 N. W. 310; *Southern v. Cunningham*, 11 Rich. L. 533; *Hallidie v. Sutter St. Ry. Co.*, 63 Cal. 575; *Dubinsky v. Wells Bros. Co.*, 218 Mass. 232, 105 N. E. 1004, N. Y.; *Hawken v. Daly*, 85 Conn. 16, 81 Atl. 1053; *Schwartz v. Kohn*, 129 N. Y. S. 464, (Sup.

Ct.) ; *Morgan v. Gamble,* 230 Pa. 165, 79 Atl. 410 (Pa.) ; *Tobin v. Kells,* 207 Mass. 304, 93 N. E. 596.

The case at bar does not come within any well defined exception to the general rule thus announced. Indeed, it has been held by this court that even in a case where the question was to be submitted to a third party, his conclusion and determination is binding only when made in good faith.

In *Empson Packing Co. v. Clawson,* 43 Colo. 188, 95 Pac. 546, we said:

"In other words, the rule of law is, that where parties to a contract designate a party who is authorized to determine questions relating to its execution, and stipulate that his determination shall be final and conclusive, both parties are conclusively bound by his determination of those matters which he is authorized to determine, except in case of fraud, or such gross mistake upon his part as would necessarily imply bad faith, or a failure to exercise an honest judgment."

The judgment is affirmed.

*Affirmed.*

WHITE, J., and GARRIGUES, J., concur.