*Northern District*

No. 4845

## RALPH L. SMITH
v.
## ORREL W. HANSEN

(May 31, 1955)

*Eno, J.* This is an action of contract to recover on an account annexed the balance due for labor and materials in the amount of $600 and interest of $141. The answer is a general denial.

The trial judge (*Cherry, J.*) found the following facts:

"The parties entered into a written contract whereby Ralph L. Smith agreed to build a service station for Orrel W. Hansen; that payments were to be made as the work progressed; that the said Smith built the said station in accordance with the terms of the said contract and received all payments with the exception of $600.00 of the last payment; that the contract provided that "all work and materials shall be subject to inspection and acceptance by a representative

of the Engineering Department of the Gulf Oil Corporation and each request for payment shall be accompanied by a waiver of lien form properly executed"; that the said representative of the Engineering Department of the Gulf Oil Corporation duly accepted the said "work and materials" and turned over to said Hansen the last payment under the said contract to be paid over to the said Smith, but that the said Hansen did not do so."

The material parts of the contract were as follows:

"A    Article 6—Acceptance and Final Payment: Final payment shall be due ten (10) days after completion of the work as called for in the Agreement and the other contract documents.

Upon written notice that the work is ready for final inspection and acceptance, the Owner shall promptly make such inspection and if he finds the Contract fully performed and the work *acceptable,* he shall promptly furnish the Contractor with a written statement that the work has been completed and *accepted,* and that the balance due the Contractor and noted in the statement is due and payable. Before such statement is issued, the Contractor shall furnish Waiver of Liens and affidavit, signed by the Contractor, all sub-contractors and all materialmen."

"B    All work and materials shall be subject to inspection and acceptance by a representative of the Engineering Department of the Gulf Oil Corporation, and each request for payment shall be accompanied by a waiver of lien form properly executed."

"C    General Conditions:    All material and workmanship shall be subject to the approval of the Owner or his authorized representative who shall, at all times, have access to and power of inspection over the work. His decisions shall

be accepted as final and binding upon all parties concerned."

The evidence also shows that all but $600.00 of the contract price was paid to the plaintiff; that the provisions contained in paragraph B above of the contract were complied with; that the work was done in a good and workmanlike manner and that the price claimed was fair and reasonable; that when the plaintiff received the last payment the defendant told him that he owed a lot of money and could not pay then the $600.00 but would pay it later.

There was further evidence that the work was not acceptable to the defendant and that he never accepted it.

The following requests of the defendant were denied by the trial judge for the reasons hereinafter stated:

1. On all the evidence the defendant is entitled to a finding. *"Not given. See finding of facts."*

4. That the plaintiff cannot recover as the defendant did not approve of the workmanship and material as required by paragraph 3 of sheet 1 of the document referred to in request No. 3. *"Not given. See finding of facts."*

5. That the decision of the defendant as to the workmanship and material is binding upon the plaintiff. See Sheet 1 of said specifications. *"Not given, because of vagueness."*

6. That final payment under the contract is not due and payable to the plaintiff until the defendant has found the work acceptable. *"Not given, because not in accord with the terms of the contract."*

8. That the defendant never accepted the work. *"Not given. See finding of facts."*

The report mentions a cross action by Orrel W. Hansen v. Ralph L. Smith in which the Court found for the defendant, but since that case has not been reported, it is not now before us.

In this case the court found for the plaintiff in the sum of $600.00.

The report states that it contains all the evidence material to the question (s) reported.

The defendant claims to be aggrieved by the denial of his above mentioned requests; and by

"2. The Trial Justice's finding of facts as the defendant claims said finding is contrary to the provisions contained in said contract which was introduced in evidence, more particularly Article 6 of said contract, quoted in full hereinbefore, which specifically applied to acceptance and final payment and the defendant claims the Trial Justice is in error in law in his interpretation of said contract;

3. The Trial Justice's finding of facts refers to and quotes the provision, "All work and materials shall be subject to inspection and acceptance by a representative of the Engineering Department of the Gulf Oil Corporation and each request for payment shall be accompanied by a waiver of lien form properly executed", and the defendant claims this provision is, as to the final payment, subordinate to the aforementioned Article 6 of the contract and that the Trial Justice was in error in law in basing his findings upon said provision;

6. That the Trial Justice allowed defendant's request for ruling No. 10 but his finding was not consistent with this ruling and the defendant claims the Trial Justice by not following this ruling was in error in law;

7. That the Trial Justice's finding that the "said representatives of the Engineering Department of the Gulf Oil Corporation duly accepted the said 'work and materials'—"was immaterial as contrary to the provisions of said contract and as there was no evidence tending to show said Corporation was the agent of the defendant;

8. That the Trial Justice's finding that the Engineering Department of the Gulf Oil Corporation "turned over to said Hansen the last

payment under the contract to be paid to the said Smith" was in error as there was no evidence tending to show said money was so turned over and no evidence to show for what purpose the money, if paid to Hansen, was turned over to said Hansen and as any payments to Hansen from anyone not a party to the contract is immaterial and as there was no evidence tending to show the defendant was an agent for said Gulf Oil Corporation."

The defendant argues that there is a variance "by proving a contract at the trial and by not proving a *quantum meruit*."

The short answer to that is that the plaintiff was not suing on a quantum meruit, but used a common count to recover the balance due for "Labor and Materials", which was the balance due on the contract.

The evidence shows that the work was done in a good and workmanlike manner and that all the contract price had been paid except the $600.00 claimed in this suit.

The contract having been performed and nothing remained but the payment of money, the plaintiff could declare either on the contract or on a general count. *Fisher v. Doe*, 204 Mass. 34, 38.

There is no error in the denial of the defendant's first request since it fails to contain specifications and therefore does not comply with Rule 27 of the Rules of District Courts. (1952). *Holton v. American Pastry Products Corp..* 274 Mass. 268, 270; *Forbes v. Gordon & Gerber, Inc.,* 298 Mass. 91, 95; *Dellamano v. Francis,* 308 Mass. 502, 503.

The fifth request was also properly denied because of vagueness as stated by the trial judge. Sheet 1 of the specifications not being attached to the report, we cannot consider them.

There is no prejudicial error in the denial of the fourth and eighth requests for rulings as they are either requests for findings of facts, or based on facts

which were not found by the trial judge. Furthermore as previously stated the alleged specifications are not attached to the report and we cannot pass on them. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524, 528 and c. c.

The question whether or not the final payment was due if the work was not acceptable to the defendant was properly raised by his sixth requested ruling. The record is bare as to the exact cause of dissatisfaction for which the building was not acceptable to the defendant, except the mere mention in the report that "the work was not acceptable" to him.

As was said in *Cashman v. Proctor,* 200 Mass. 272, 275:

"The provision in the contract that the plant should be constructed 'to the acceptance' of the plaintiffs, meant under the circumstances here existing only that the material and the construction should be such that a reasonable man, in view of the specifications incorporated into the contract, ought to be satisfied with the completed work as conforming to the requirements of the contract and specifications."

The court could infer from the evidence that all the work was completed and that nothing remained but the payment of the $600.00 balance, which the defendant failed to pay not because of dissatisfaction with the work, but simply because, as the defendant admitted, he had a lot of bills to pay and could not pay it at the moment, and therefore, the work was such that a reasonable man ought to be satisfied with it.

The sixth request, therefore, was properly refused. *Cashman v. Proctor,* 200 Mass. 272, 275.

The ultimate finding for the plaintiff imports all subsidiary findings necessary to support the conclusion reached. *Maher v. Hancock,* 301 Mass. 594.

The remaining questions of alleged inconsistencies between the findings and rulings of the trial judge should have been raised by a motion for new trial.

*Duralith Corp. v. Leonard,* 274 Mass. 397, 401; *Di Lorenzo v. Atlantic National Bank,* 278 Mass. 321, 323, 324; *Caton v. Winslow Bros & Smith Co.,* 309 Mass. 150, 154; *Langdoc v. Gevaert Co.,* 315 Mass. 8, 12.

We think there was no prejudicial error in the denial of the requests and in the finding of the trial judge and therefore the report is to be dismissed.

Berkal & Berkal, for the plaintiff.

Earl H. Smith, for the defendant.