No. 19,029.

Samuel M. McKendrie, d/b/a Mar-Mak Manufacturing
Company *v.* Rubin A. Noel, d/b/a Colorado
Carpet Cleaning Company.

(362 P. [2d] 880)

Decided May 15, 1961.

Mr. KENNETH A. SELBY, for plaintiff in error.

Mr. THOMAS K. LOUGHLIN, Mr. THEODORE J. ADAMS, for defendant in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court, and defendant in error was defendant. We shall refer to the parties as they there appeared.

Plaintiff's action was based on a conditional sales contract for the purchase of certain automatic rug cleaning machinery. He demanded judgment against defendant in the amount of $5,195.00, the alleged balance due under the contract. In the alternative, he sought possession and sale of the chattels, the entry of a money judgment for the deficiency, if any, which shall arise between the sum owed by defendant to plaintiff and costs as aforesaid, and the sum obtained through the sale of said chattels.

Issue was joined; defendant admitted plaintiff's right to possession of the chattels; alleged that only a portion of the chattels contracted for were delivered by plaintiff, and filed a "counterclaim" for the return of $1,000.00 paid when the conditional sales contract was executed and damages in the sum of $7,909.26 for losses sustained by him on account of the misrepresentations made by plaintiff concerning said machine.

Trial to the court resulted in an award of possession of the chattels to plaintiff and judgment against plaintiff in favor of defendant on his counterclaim in the sum of $7,182.22. Plaintiff seeks review of this latter judgment.

Briefly stated, the facts are that defendant saw plaintiff's advertisement in a trade journal offering for sale an automatic rug cleaning machine or apparatus. This advertisement is hereinafter referred to as Exhibit "G."

Defendant went to Danville, Illinois, to interview plaintiff after telephonic communications between the parties. On February 12, 1957, the parties signed a conditional sales contract, a standard order and conditional sale contract of the Mar-Mak Manufacturing Company, contemplating delivery of the machine to defendant within ninety days after February 12, 1957, and providing for "operation satisfactorily." Delivery was delayed, but finally a portion of the equipment was received by defendant in December 1957. Following attempted installation plaintiff came to Denver to observe the operation of the machine, at which time defendant directed plaintiff's attention to the unsatisfactory manner in which the machine performed. Attempts by defendant to perfect its operation were unsuccessful. On May 6, 1958, defendant demanded that plaintiff remove the machine and on June 18, 1958, plaintiff, through his counsel, demanded a return of the chattels. On June 27, 1958, the instant action was commenced.

The trial court entered findings and conclusions in which it determined that defendant was induced to enter the contract "relying upon representations as to the efficiency and satisfactory operation of the aforesaid equipment"; that the plaintiff failed to perform "the promises contained in said contract which (1) required installation within 90 days of the signing of the contract, (2) required that the subject matter of the contract be installed and operating satisfactorily; and that said promises were conditions precedent to be performed before plaintiff could demand the balance of moneys allegedly due from defendant * * *; that defendant fully performed all conditions required of him up to the time when plaintiff failed and continued to fail in performing conditions precedent required of plaintiff under the terms of the contract." The damages awarded to defendant were actual out of pocket expenditures which were made by him in consequence of the transaction.

The points relied on by plaintiff in seeking reversal are set forth in his summary of argument as follows:

"1. Defendant did not rely upon representation of plaintiff.

"2. Error was committed by the trial Court in admission of Defendant's 'Exhibit G' and the use said exhibit was put to by the Court.

"3. Operation satisfactorily did not vest in defendant an absolute defense.

"4. The court committed error in writing into the contract a provision for F.O.B."

I.

In support of his argument that defendant did not in fact rely on his representations and warranties, plaintiff points to the fact that defendant visited his plant, saw a partially completed machine and was admittedly skeptical of plaintiff and his product. However, the trial court found as a fact that defendant was induced to enter the contract by the advertisement, Exhibit G, and by the representations of plaintiff as to the efficiency and satisfactory operation of the equipment, and we are not disposed to disturb these findings, supported as they are by competent evidence. *Denver National Bank v. McLagan,* 133 Colo. 487, 298 P. (2d) 386. The subject matter was peculiarly within the knowledge of plaintiff, *Rudd v. Rogerson,* 133 Colo. 506, 297 P. (2d) 533. Furthermore, the trial court concluded that express undertakings as to performance of the machine were part of the contract. Viewed in this light, reliance on the part of defendant was unnecessary.

II.

We perceive no error in the trial court's reception of Exhibit G. This advertisement gave character to the contract itself and served to give meaning to the term "operation satisfactorily," a term which is somewhat ambiguous. This exhibit was as relevant as evidence of other preliminary negotiations leading to the execution of the contract, all of which was received by

the court without objection. Cf. *Huscher v. Pfoat,* 122 Colo. 301, 221 P. (2d) 931.

### III.

In evaluating plaintiff's contention that "operation satisfactorily" did not vest in defendant an absolute defense, we note that the court found:

"That delivery by Plaintiff was delayed and installation sufficient to make a 'test run' of the equipment was not completed until on or about the 7th of March, 1958.

"That several test runs were made by Plaintiff and that none of the test runs produced satisfactory results as claimed for the equipment by Plaintiff's Advertising, brochure and the contract here in issue; and further that Plaintiff knew that the equipment he installed under said contract had not and did not produce such results up to and including the time when he made demand for additional moneys allegedly due him under the contract."

▌ The law is clear that one cannot act capriciously in asserting that a mechanism is not satisfactory. As this Court paraphrased in *McCartney v. Badovinac,* 62 Colo. 76, 160 Pac. 190, " * * * That which in reason you ought to be satisfied with, the law will say you are satisfied with." In the case at bar, defendant was anxious to secure a machine which would perform in the manner that the plaintiff represented, and which would satisfy his business requirements. The evidence plainly supports the trial court's finding that the performance judged by the "reasonable" standard set forth in the cases was not satisfactory. The record fails to uphold plaintiff's contention that defendant was moved by whim or caprice in terminating his dealings with plaintiff. A reasonable effort, including a substantial expenditure of money, was made.

### IV.

▌ Plaintiff's final point that the court erred in awarding the amount of the freight bill to defendant since the contract was ambiguous on the point is without

merit. If the contract had been executed, the ambiguity on this point would have been a problem. In effect, however, there was a rescission and the award of the freight item was one of several out of pocket expenditures which the defendant was allowed to recover upon the basis that he was entitled insofar as possible to be made whole.

Being of the opinion that the case was properly decided and that the record is free of prejudicial error, the judgment is affirmed.