**John L. CRUM, Jr., Plaintiff–Appellee,**

**v.**

**APRIL CORPORATION, Defendant–Appellant.**

**No. 00CA2154.**

Colorado Court of Appeals,
Div. V.

Aug. 1, 2002.

Certiorari Denied Jan. 27, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Davis & Ceriani, P.C., Gary J. Ceriani, Denver, Colorado, for Plaintiff–Appellee.

Burg Simpson Eldredge Hersh & Jardine, P.C., Michael S. Burg, Diane Vaksdal Smith, Englewood, Colorado; Moscone, Emblidge & Quadra, LLP, Robert Sanford, San Francisco, California, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, April Corporation, appeals the judgment in favor of plaintiff, John L. Crum, Jr., entered after a jury trial. We affirm.

In June 1997, the parties entered into a contract in the form of a short letter agreement. The agreement stated that plaintiff would solicit potential lenders to assist defendant in obtaining "a multi-year credit facility, including ... a revolving credit/term loan agreement." In exchange, defendant agreed to pay plaintiff a $7,500 retainer, his reasonable expenses, and "in the event of a new comprehensive credit facility that is acceptable to [defendant], a fee of one per cent (1.00%) of the aggregate amount of the financing."

As contemplated by the agreement, the parties jointly prepared a memorandum outlining the general financing terms sought and information about defendant. The memorandum was to be used to advise lenders of defendant's goals and general criteria for entering into a financing agreement.

After being contacted by plaintiff, a bank provided a proposal for a credit facility. However, negotiations with the bank were unsuccessful, and defendant did not obtain a credit facility before the agreement expired in March 1998.

In July 1998, plaintiff filed a complaint alleging that defendant breached the contract by refusing to pay him one percent of the financing proposed by the bank. A jury found in favor of plaintiff and awarded $200,000 in damages. This appeal followed.

■ Defendant contends that the trial court erred in instructing the jury that plaintiff was only required to prove that defendant failed to act as a reasonable person would have in rejecting the financing proposal. Defendant argues that the contract provided that plaintiff was only entitled to a one percent fee if the financing proposal was subjectively acceptable to defendant. We disagree.

■ "The purpose of jury instructions is to provide the jury with the applicable law so that its attention will be directed to the specific issues that are to be determined. As such, instructions should embrace only the correct statements of law by which the evidence is to be examined and applied." *Yampa Valley Electric Ass'n v. Telecky,* 862 P.2d 252, 256 (Colo.1993) (citation omitted).

■ Contract interpretation is a question of law and is reviewed de novo. The goal of contract interpretation is to give effect to the intent of the parties, as determined primarily from the language of the instrument itself. *Ad Two, Inc. v. City & County of Denver,* 9 P.3d 373 (Colo.2000).

■ When a contract is to be completed to the satisfaction of a party, the satisfaction provision implicates either a subjective or an objective standard for performance. If the

contract's subject matter involves questions of "commercial value, operative or mechanical fitness, or quality," an objective "reasonable person" standard generally applies. Where the contract involves "matters of fancy, taste, sensibility and judgment," a subjective standard generally applies. In cases implicating the subjective standard, the party reserving its rights is the sole judge of its own satisfaction, without regard to the reasonableness of its decision and is limited only by the duty of good faith. *Mike Naughton Ford, Inc. v. Ford Motor Co.,* 862 F.Supp. 264, 269 (D.Colo.1994).

Restatement (Second) of Contracts § 228 (1981) states a preference for an objective standard:

> When it is a condition of an obligor's duty that he be satisfied with respect to the obligee's performance or with respect to something else, and it is practicable to determine whether a reasonable person in the position of the obligor would be satisfied, an interpretation is preferred under which the condition occurs if such a reasonable person in the position of the obligor would be satisfied.

Comment B to § 228 states that where the agreement does not make clear that only honest satisfaction is required, "it will not usually be supposed that the obligee has assumed the risk of the obligor's unreasonable, even if honest, dissatisfaction." The comment further provides that where the language used in the contract does not make it clear that a subjective standard applies, an objective test of reasonable satisfaction will be applied to the extent that it is practicable. Practicable means "reasonably capable of being accomplished; feasible." *Black's Law Dictionary* 1191 (7th ed.1999).

We have found no appellate decision in Colorado that has applied § 228, but Colorado cases discussing satisfaction clauses have expressed holdings that are consistent with it. Interpreting the term "operation satisfactorily" in a commercial sales contract, the supreme court affirmed the application of a standard of reasonableness, stating: "That which in reason you ought to be satisfied with, the law will say you are satisfied with." *McKendrie v. Noel,* 146 Colo. 440, 444, 362

P.2d 880, 882 (1961)(quoting *McCartney v. Badovinac,* 62 Colo. 76, 79, 160 P. 190, 191 (1916)). A division of this court held, "With some limited exceptions, when a contract is to be completed to the satisfaction of another party, the court determines, as a matter of law, what constitutes satisfaction, applying a reasonable person test." *Caldwell v. Armstrong,* 642 P.2d 47, 49 (Colo.App.1981).

These cases are consistent with § 228 because in neither case was there explicit language in the contract providing for a subjective standard of satisfaction, and in each case it was practicable to apply a standard of reasonableness.

Where a contract requires that one party's performance under a contract be to the satisfaction of another party, the court must determine as a matter of law the standard by which that performance is to be judged. *Caldwell v. Armstrong, supra; see also Misano Di Navigazione, SpA v. United States,* 968 F.2d 273 (2d Cir.1992); *Hutton v. Monograms Plus, Inc.,* 78 Ohio App.3d 176, 604 N.E.2d 200 (1992). In the absence of explicit language in the contract providing for a subjective standard or evidence of impracticability of application, an objective reasonable person standard is to be applied. *Kennedy Assocs., Inc. v. Fischer,* 667 P.2d 174 (Alaska 1983); *Hutton v. Monograms Plus, Inc., supra;* Restatement (Second) of Contracts § 228.

Here, the contract did not provide the standard for judging the acceptability of the loan, and it was not impracticable to apply an objective reasonable person standard. The parties' memorandum, which more fully described the terms of a loan arrangement that would be acceptable to defendant, made the term "acceptable" more susceptible of an objective evaluation.

The following colloquy during cross-examination showed that defendant's president, who negotiated the agreement with plaintiff and signed it on behalf of the corporation, understood that an objective reasonable person standard applied. This was further evidence that it was practicable to apply such a standard.

[COUNSEL FOR PLAINTIFF]: So the standard, then, that you understood was to be applied and acceptable under the contract was the standard of a reasonable businessman in your situation evaluating the circumstances that then existed. Fair Statement?

[PRESIDENT]: I think that's a fair statement.

[COUNSEL FOR PLAINTIFF]: Okay. So you understood that if [plaintiff] brought you a proposal that a reasonable businessman in your situation would accept, then he earned his fee, right?

[PRESIDENT]: Right. He earned his fee. Right.

Therefore, we agree with the trial court's conclusion that performance of the satisfaction clause was based on an objective reasonable person standard.

Contrary to defendant's argument, the contract language does not unambiguously indicate that defendant reserved the right, subject only to its good faith, to determine whether a proposal was acceptable. The contract does not clearly indicate that defendant was the sole judge of whether or not the credit facility was acceptable. The agreement also did not define the word "acceptable" with explicit language that provided for acceptability to be determined solely in the subjective judgment of defendant.

Defendant also argues that a subjective standard must be applied in this case because an objective standard cannot be practicably applied. It contends that the multitude of factors involved in evaluating the credit facility proposal precludes the application of an objective standard. However, this argument is undermined by the parties' memorandum generally outlining the terms of financing that defendant sought. Even if an objective reasonable person standard were not generally applicable to such an agreement, here there was evidence of defendant's priorities, objectives, and requirements for an acceptable financing agreement. Thus, we conclude the application of a reasonable person standard, while perhaps difficult, was not impracticable.

Accordingly, we conclude that the trial court correctly instructed the jury that an objective reasonable person standard applied to the satisfaction clause.

■ Finally, defendant contends that if the contract was ambiguous, it presented a question of fact as to what the parties intended. Defendant asserts this issue should have been decided by the jury.

However, defendant did not raise this issue in the trial court. There, defendant did not argue that the jury should decide which standard the parties intended. Further, defendant did not submit proposed jury instructions to that effect. See C.R.C.P. 51. Rather, defendant merely argued that the jury should be instructed on a subjective standard.

■ Arguments not presented to or ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal. *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986). Accordingly, we will not consider the issue.

Given our resolution of defendant's principal contention, we need not consider defendant's contention that the trial court erred by denying its motion for directed verdict.

The judgment is affirmed.

Judge MARQUEZ and Judge ROY concur.